Argued September 11, affirmed September 25, petition for
rehearing denied November 7, 1968

## LARSON, *Respondent, v.* STATE COMPEN-
## SATION DEPARTMENT, *Appellant.*

445 P. 2d 486

*Clayton Hess,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Wallace Carpenter, Assistant Attorney General and Chief Counsel, State Compensation Department, and Robert Y. Thornton, Attorney General, Salem.

*Darrell L. Cornelius,* Portland, argued the cause for respondent. With him on the brief were Galton & Popick, Portland.

Before PERRY, Chief Justice, and O'CONNELL, GOODWIN, DENECKE and MENGLER, Justices.

MENGLER, J. (Pro Tempore).

This is an appeal from a circuit court judgment which affirmed an order of the Workmen's Compensation Board, hereinafter referred to as the Board, awarding to the claimant increased compensation based on aggravation of injury.

The pertinent facts are as follows: The claimant was injured on October 30, 1963. His claim was closed by an order awarding 80 per cent loss of use of an arm for unscheduled disability. Thereafter, the State Compensation Department, hereinafter referred to as the Department, denied claimant's application for increased compensation for aggravation of injury. Claim-

ant then, in lieu of the procedures available under the law on date of injury, elected to proceed under the Workmen's Compensation Act, which became effective January 1, 1966, and filed a claim for increased compensation for aggravation. The Department filed its response in which it alleged that the claim was not supported by a written opinion of a physician, as required by ORS 656.271. The Board ordered the claim closed. Later, the Board reopened the claim to permit the claimant to file the required written opinion. Thereafter, Lawrence J. Cohen, M.D., and John Harder, M.D., each filed a medical opinion. A hearing was had before an examiner. The award was increased 15 per cent for aggravation, and attorney fees were allowed. The Department, under the provisions of ORS 656.295, then filed a request for review with the Board. Upon review, the Board affirmed the finding of the examiner and allowed additional attorney fees. The Department then filed notice of appeal to the circuit court. The circuit court, after hearing, affirmed and allowed additional attorney fees. The Department, under the provisions of ORS 656.301, then appealed to this court.

The questions raised here are: (1) Did the Board have jurisdiction to make an award of increased compensation on account of aggravation? (2) Did the claimant support his claim with any substantial evidence? (3) Did the Board and circuit court have authority to award reasonable attorney fees?

These questions require an interpretation of ORS 656.271:

"(1) If subsequent to the last award or arrangement of compensation there has been an aggravation of the disability resulting from a compensable injury, the injured workman is entitled to increased

compensation including medical services based upon such aggravation. The claim for aggravation must be supported by a written opinion from a physician that there are reasonable grounds for the claim. In its discretion, the board may order the payment for such medical opinion by claimant or the department or the direct responsibility employer.

"(2) A request for a hearing on increased compensation for aggravation must be filed with the board within five years after the first determination made under subsection (3) of ORS 656.268.

"(3) Upon receiving a request for a hearing for increased compensation on account of aggravation, the board shall notify in writing all parties in interest to the claim and shall, if necessary, schedule a hearing before a hearing officer within 30 days after mailing notice of the request for hearing on increased compensation. Subsequent proceedings as to hearings, review and appeal shall conform to ORS 656.010 and 656.262 to 656.382."

This statute requires clearly that one who seeks increased compensation based upon aggravation of a compensable injury must file a claim, which is, in effect, the claimant's pleading. The claim standing alone, however, is not a sufficient pleading. It must be supported by a physician's written opinion alleging facts which would reasonably support the claim. The statute does not require that upon filing the claim it must be accompanied by, or have attached to it, the written opinion. Subsection (1) of the statute gives discretion to the Board to order that the required written opinion be paid for either by the claimant, the Department, or the direct responsibility employer. This, it would seem, makes it clear that the legislature contemplated the filing of an opinion separately from a claim. The statute, in subsection (3), further requires that the Board shall, upon receiving a request for a hearing on a claim for increased com-

pensation, give notice to the necessary parties and schedule a hearing, if necessary. This section of the statute contemplates that after the filing of a claim there may remain something else to be done before the Board is required to hold a hearing. Thus, although a claim has been filed the Board has no duty to hold a hearing unless the claim is supported by the required written opinion. The written opinion is a condition precedent to the right to have a hearing on a claim. At the time of the hearing the examiner had before him two written opinions from physicians.

■ The Department argues that the condition of the statute is not met by the filing of a written opinion from a physician if that opinion does not allege, as required by ORS 656.271(1), that there are reasonable grounds for the claim. Nothing would be gained by requiring the written opinion to use the exact language of the statute and say, "there are reasonable grounds for the claim." The test is whether the written opinion does support the claim by setting forth facts which, if true, would constitute reasonable grounds for the claim. We hold that the condition precedent to the holding of the hearing was met.

■ The Department further argues that there is no substantial medical evidence to support the increased award. This court held in *Coday v. Willamette Tug & Barge*, 250 Or 39, 440 P2d 224 (1968), that upon appeal from the circuit court to this court the parties are entitled to a de novo review on the record made in the administrative agency, and record, if any, made in the circuit court on the issues of aggravation. We need then to decide anew whether the record supports a conclusion that the claimant's accidental injury of October 30, 1963, is a cause of his aggravated disability. This court, as a trier of fact, finds that

the record, including the written opinions of two physicians, factually supports a finding that the claimant's accidental injury of October 30, 1963, is a cause of his aggravated condition.

■ We now consider whether the Board and the circuit court had authority to award attorney fees. The argument of the Department is that although claimant could elect the procedures available to him after the effective date of the amended act, he is entitled only to such attorney fees as would have been allowed prior to the effective date.

The claimant's right to elect the procedures of the new act is found in Sec. 43, Oregon Laws 1965, ch 285, p 589, which provides procedures to govern claims arising before January 1, 1966, as follows:

"Section 43. (1) Subject to the provisions of subsections (2) to (5) of this section, all proceedings, rights and remedies with respect to injuries that occurred before the fully operative date prescribed by section 97 of this 1965 Act, shall be governed by the law in effect at the time the injury occurred.

"(2) *  *  *  *  *

"(3) When the department makes an order, decision or award under ORS 656.282 pertaining to any claim based on an injury that occurred before the fully operative date prescribed by section 97 of this 1965 Act, the claimant may, in lieu of exercising rehearing and appeal rights under the law in effect at the time of the injury, choose to request a hearing under the provisions of ORS 656.002 to 656.590 as changed by this 1965 Act and subsequent Acts.

"(4) In the event the claimant chooses to proceed under subsection (3) of this section, the rules and procedures contained in ORS 656.002 to 656.590 as changed by this 1965 Act and subsequent Acts

shall govern hearings, review by the board, judicial review, aggravation and continuing jurisdiction except * * *."

Counsel for the Department would have us construe these sections of the new act to give to a claimant the right only to elect the procedures of the new act, but not the benefits of the provisions for additional attorney fees, which he characterizes as "substantive rights." Counsel in his arguments admits that under ORS 656.271(2), an electing claimant is given five years, after the first determination of his claim, in which to file a claim for aggravation, and that had he not so elected, he would have had only two years after determination to file a claim for aggravation. Surely, being given three additional years in which to file a claim is a substantial benefit to the claimant. We cannot construe the statute to give to a claimant the right to elect the new procedures but to deny him certain of the benefits of the procedures. The new procedures provide for additional attorney fees so as to enable a claimant to avail himself of the new procedures. Clearly, an electing claimant is entitled not only to elect the procedures but also to the benefit of attorney fees. The Board and the circuit court properly allowed attorney fees.

The judgment of the circuit court is affirmed. Under the provisions of ORS 656.301(2), claimant is allowed attorney fees.

Affirmed.