Argued July 9, reversed and remanded December 18, 1969

## LARSON, *Appellant, v.* STATE COMPEN-SATION DEPARTMENT, *Respondent.*

462 P. 2d 694

*C. Rodney Kirkpatrick*, Portland, argued the cause for appellant. With him on the briefs were Galton & Popick, Portland.

*Clayton Hess*, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief was Robert Y. Thornton, Attorney General, Salem.

BRANCHFIELD, J.

Claimant was injured October 30, 1963. His claim was closed with an order awarding an 80 per cent loss of use of an arm for unscheduled disability. He later sought increased compensation for aggravation of his injury. He elected to proceed under the provisions of the Workmen's Compensation Law which was enacted in 1965 and became operative January 1, 1966. After the hearing provided for in the new law, the amount of his award was increased 15 per cent, and attorney fees were allowed. The case was then successively reviewed by the Workmen's Compensation Board, the circuit court and the Oregon Supreme Court. The increased award and allowances of attorney fees were approved in *Larson v. State Compensation Department*, 251 Or 478, 445 P2d 486 (1968).

The State Compensation Department did not pay the newly awarded compensation pending appeal as required by ORS 656.313. Based upon this failure to pay, the claimant made a request for a hearing and for the allowance of a penalty under ORS 656.262(8) and a reasonable attorney fee under ORS 656.382. The hearing officer made a finding that the failure to pay the increased award pending the court review was unreasonable, and awarded claimant a penalty of 25 per

cent of the increased award, together with attorney fees. Upon review by the Workmen's Compensation Board, that order of the hearing officer was affirmed and an additional award of attorney fees was made. The circuit court reversed and set aside the order of the board and the order of the hearing officer. Claimant is here seeking reinstatement of those two administrative orders. His assignment of error is stated as follows:

> "The circuit court erred in finding that the benefits in the form of a penalty for unreasonable delay and attorneys' fees under the 1965 Workmen's Compensation Law were not intended to apply to a workman injured before the effective date of the 1965 law."

■ The new Workmen's Compensation Law was contained in Chapter 285, Oregon Laws 1965. The act provided that all proceedings, rights and remedies with respect to injuries that occurred before the operative date of the new law would be governed by the law in effect at the time the injury occurred. An exception was allowed in Section 43 of that act to a claimant who chose to request a hearing under the new act. Section 43(4), not codified in ORS, reads as follows:

> "In the event the claimant chooses to proceed under subsection (3) of this section, the rules and procedures contained in ORS 656.002 to 656.590 as changed by this 1965 Act and subsequent Acts shall govern hearings, review by the board, judicial review, aggravation and continuing jurisdiction except that the claimant shall have 60 days from the date on which the notice was mailed to him within which to request a hearing under section 34 of this 1965 Act."

Claimant brought himself within the terms of that

section. The dispute between the parties is over its application.

Section 43 of the 1965 act, in permitting a claimant to adopt the rules and procedures of the new act, intended more than mere formalities. In *Larson v. Compensation Department,* supra, the Supreme Court said:

> "* * * Surely, being given three additional years in which to file a claim is a substantial benefit to the claimant. We cannot construe the statute to give to a claimant the right to elect the new procedures but to deny him certain of the benefits of the procedures. The new procedures provide for additional attorney fees so as to enable a claimant to avail himself of the new procedures. Clearly, an electing claimant is entitled not only to elect the procedures but also to the benefit of attorney fees. * * *" 251 Or 478, 484.

The imposition of penalties is the device used by the legislature to assure an injured workman that the procedures of the law will be carried out. The right to recover a penalty is as much a procedural right as the collection of an attorney fee. Both are enforcement provisions. The circuit court, which did not have the benefit of the Supreme Court opinion in *Larson,* erroneously set aside the administrative orders.

■ The above disposes of the issue as presented by the claimant. The department, as respondent here, seeks to raise issues larger than the interpretation of the statute. Stated broadly, those issues include various claims of unconstitutionality, and the claim that the payment of attorney fees and penalty constitute an unwarranted invasion of the Industrial Accident Fund which is a trust fund.

The initial award of attorney fees in the orders

appealed from in *Larson v. State Compensation Department, supra,* formed a basis for every constitutional and trust fund challenge recited in the department's brief. Those challenges could and should have been raised in that case. The awards of attorney fees therein involved disbursements from the same trust funds, and interpretation of the same act. We see no real difference between a penalty and an attorney fee in the context of this case. We deem the Supreme Court ruling to be binding for the purposes of this case.

Claimant is allowed an attorney fee of $600 for the services of his attorneys in this court, and is entitled to an attorney fee in the circuit court.

Reversed and remanded for further proceedings consistent with this opinion.