Argued September 23, affirmed October 19, 1971

## NOLAN, *Appellant, v.* STATE ACCIDENT INSURANCE FUND, *Respondent.*

489 P2d 974

*J. David Kryger,* Albany, argued the cause for appellant. With him on the briefs were Emmons, Kyle, Kropp & Kryger, Albany.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

FOLEY, J.

Claimant, while employed by the State Public Welfare Commission, injured her low back in January 1966. Her claim was accepted by the then State Compensation Department and was closed in January 1968 with payment of medical services only. Claimant alleged she injured her back on December 12, 1967, while employed as a domestic aid and that this injury aggravated her 1966 back injury. On the December 1967 date, while on a Christmas shopping tour with her semi-invalid employer, she stated she sustained a twisting injury to her low back. In March 1968 she sought and received further benefits and her claim was again closed by a second Determination Order on May 21, 1968. In August 1968 she filed a claim for the back injury which she alleged she had received on the Christmas shopping tour of December 12, 1967, which claim was denied by the State Accident Insurance Fund on September 13, 1968. Claimant requested a hearing to seek further treatment and workmen's compensation benefits, either on the basis of aggravation by connection with the 1966 claim or on the basis of a new compensable accident on December 12, 1967, the shopping tour.

After hearing, the hearing officer concluded that claimant had suffered an aggravation of a pre-existing injury, not a new injury, and ordered the claim paid. The Fund appealed to the Workmen's Compensation Board which reversed the hearing officer. The claimant appealed to the circuit court.

The circuit court, after reviewing the record before it, apparently was unable to determine whether there was, in fact, either a compensable claim or an aggravation of a pre-existing injury. The record disclosed that claimant had admitted at the hearing that

she bowled regularly each week in a bowling league during all of the period in question.[1] The medical evidence in support of the aggravation claim was the report of Dr. Holm.[2] This report did not include any history of bowling. The claimant admitted that she did not mention her bowling to him. The circuit court remanded the matter to the Workmen's Compensation Board "for the taking of further testimony bearing on the issue of whether or not there is an aggravation of a pre-existing injury." Apparently the circuit court was attempting to give claimant an opportunity to present additional medical evidence that "there are reasonable grounds for the claim [of aggravation]" as required by ORS 656.271 (1).[3] The remand hearing

---

[1] Records of the bowling league, which were introduced in evidence, indicated claimant bowled fairly regularly each week during the periods of December 1967 through April 1968 and September 1968 through December 1968. Before evidence of her bowling was introduced at the hearing, claimant had testified about the limitations brought on by her back trouble. She stated she had difficulty in vacuuming. Her testimony about lifting objects contained the following:

"* * * of course I realize before I could bend over and lift things. Now I don't bend, I squat."

She said she had difficulty standing for over 30 or 45 minutes and

"Q Do you have any trouble twisting your body?
"A Yes, I just don't twist."

After evidence of her bowling was introduced by the defendant, she said about bowling:

"* * * when it comes to bowling I put a plaster on my back and I go bowling."

[2] Dr. Holm's report, in reviewing the claimant's complaints, includes the statement:

"The pain is aggravated primarily by prolonged weight bearing, bending, twisting and lifting * * *."

and

"* * * Her case should be reopened for further treatment on the basis of aggravation * * *."

[3] ORS 656.271 (1):

"If subsequent to the last award or arrangement of com-

was held, but no additional medical evidence was offered by claimant in support of her claim of aggravation. The circuit court thereupon found that the claimant had not proved a work-connected injury and that the evidence did not support the hearing officer's findings and order. The court then affirmed the Workmen's Compensation Board.

We review de novo. *Coday v. Willamette Tug & Barge,* 250 Or 39, 440 P2d 224 (1968). In reviewing the record de novo, we are free to exercise our judgment in the appraisal of the evidence to the extent that we can do so from an examination of the record. See *Lisoski v. The Embers,* 2 Or App 60, 465 P2d 888 (1970). The burden of proof of employment injury is on the claimant. *Blisserd v. SAIF,* 6 Or App 111, 486 P2d 1312 (1971); *Coday v. Willamette Tug & Barge,* supra. We agree with the circuit court that the claimant failed to meet her burden of proof.

Affirmed.

---

pensation there has been an aggravation of the disability resulting from a compensable injury, the injured workman is entitled to increased compensation including medical services based upon such aggravation. The claim for aggravation must be supported by a written opinion from a physician that there are reasonable grounds for the claim. In its discretion, the board may order the payment for such medical opinion by claimant or the State Accident Insurance Fund or the direct responsibility employer."