Argued August 21, reversed and remanded October 12,
petition for rehearing denied November 22, 1972, petition
for review denied January 4, 1973

# HAMILTON, *Appellant, v.* STATE ACCIDENT INSURANCE FUND (No. 4617), *Respondent.*

501 P2d 1007

*Gerald C. Doblie,* Portland, argued the cause for

appellant. With him on the brief were Bailey and Doblie, Portland.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

## THORNTON, J.

Claimant appeals from a decision of the circuit court for Jefferson County affirming an order of the Workmen's Compensation Board denying claimant compensation for claimed aggravation of an earlier injury. Previously, the Board had reversed the order of the hearing officer remanding the claim to the State Accident Insurance Fund for further medical treatment and the payment of compensation for aggravation. In reversing the hearing officer the Board stated:

> "* * * [T]he weight of the evidence did not justify referral of the matter for hearing and that even after hearing the weight of the evidence did not justify allowance of the claim for aggravation."

The central issue is:

Did claimant support her claim for aggravation with a written opinion from a physician that there were reasonable grounds for the claim as required by ORS 656.271(1)?[1]

---

[1] ORS 656.271(1):
  "If subsequent to the last award or arrangement of compensation there has been an aggravation of the disability resulting from a compensable injury, the injured workman is en-

On February 7, 1966, claimant sustained a compensable injury to her back as a result of a fall at her place of employment. She complained of headaches, severe back pains, and numbness and impaired use of her left leg. A myelogram was performed without significant results. She was hospitalized for 29 days and placed in traction. Her personal physician, Dr. Toevs, treated her regularly. She was also examined by Drs. Corrigan, Raines, Raaf and Puziss. Her condition improved. Dr. Toevs recommended limited employment.

On July 31, 1967, the claim was closed and a determination order entered by the Workmen's Compensation Board awarding her "permanent partial disability equal to 20% loss of an arm by separation for unscheduled disability." Thereafter she complained of similar difficulty and was again hospitalized by Dr. Raaf on June 18, 1968, for continuing back pains. He was unable to find "good, objective neurological findings indicative of injury or disease of the central or peripheral nervous system" and suggested, "She may be malingering."

In June 1969 she was rehospitalized and was treated with traction for one week.

At the request of respondent the claimant was examined by Dr. Reimer on June 29, 1969. His opinion may be summarized as follows:

(1) Her organic condition had not become worse since the determination of July 1, 1967;

titled to increased compensation including medical services based upon such aggravation. The claim for aggravation must be supported by a written opinion from a physician that there are reasonable grounds for the claim. In its discretion, the board may order the payment for such medical opinion by claimant or the State Accident Insurance Fund or the direct responsibility employer."

(2) The abnormalities he observed in the examination were not based on an organic neurological lesion;

(3) The observed abnormalities were based on a functional disorder; or

(4) The claimant may be a malingerer.

On August 5, 1969, she was examined by Dr. Grewe, who gave the following opinion:

"* * * Her claim is closed but apparently it is within the time for reopening for aggravation. I think she has sustained an aggravation of her symptoms and I would like to propose that she have further studies, consisting of x-rays of the pelvis and hip joints, the lumbosacral spine, and then have a series of diagnostic studies, including pantopaque myelogram and sympathetic block (she has a history of phlebitis on the left) for pain evaluation, and a fractional differential spinal block for pain evaluation. Depending somewhat upon the results of these various studies, I think she should be seen in psychiatric consultation. Some of her functional symptoms undoubtedly could be improved rapidly if they are amenable to treatment. I think she probably is not having enough difficulty to consider cordotomy or other pain relieving procedures, although this and/or a cingulumotomy might be considered if all other avenues are fruitless."

Dr. Toevs stated in his report of October 28, 1970:

"* * * I feel that Mrs. Hamilton should have the further tests that Dr. Grewe recommended, in view of the fact that she has had a recurrence of disc like symptoms this past week. She required hospitalization and traction."

The claimant filed a request for hearing on the issue of aggravation and the hearing was conducted on October 29, 1970. The claimant testified at the hearing that at the time of the determination back in 1967 she

could do small jobs that did not require lifting; that she could stay on her feet for three to four hours at a time; that she attempted to return to work but her former employer had refused to hire her; that she could do part of her housework except for sweeping; and that she was experiencing some pain in her back and that her left leg was numb. She also testified that, subsequent to the determination, her condition had deteriorated to the extent that her back was continually painful and her leg collapsed under her causing her to fall twice, and she was unable to perform any useful function in her home. She was placed in traction for 11 days in May of 1970 and 8 days in October of 1970.

As previously noted, the hearing officer remanded the case to the State Accident Insurance Fund for further medical treatment and the payment of compensation.

After her claim was denied by the Workmen's Compensation Board she appealed to the circuit court for Jefferson County. Prior to the review by the court the claimant filed a Notice of Additional Evidence, not available at the time of hearing. The court considered the claim on the record and affirmed the ruling of the Board that there was no jurisdiction for the hearing. The court did not rule on the Notice of Additional Evidence or the validity of the claim for aggravation.

Both the trial judge and the Board relied on *Larson v. Compensation Department*, 251 Or 478, 445 P2d 486 (1968), in concluding that claimant had not complied with ORS 656.271(1). *Larson* held that a written opinion by a physician in support of increased compensation for aggravation need not specifically state that there are reasonable grounds for the claim

but rather the opinion need only set forth facts which, if true, would constitute reasonable grounds for the claim.

In the case at bar we have a doctor's report that does not detail the facts upon which the doctor based his opinion. In his letter of August 5, 1969, after detailing claimant's symptoms at length, Dr. Grewe stated:

"* * * I think she has sustained an aggravation of her symptoms * * *",

and proposed further x-rays and clinical tests. This opinion was subsequently concurred in by Dr. Toevs, claimant's treating doctor.

The Oregon Workmen's Compensation Law is a remedial statute and is to be liberally construed in favor of the workman. *Livingston v. State Ind. Acc. Com.*, 200 Or 468, 472, 266 P2d 684 (1954); *Peters v. Briggs & Sons*, 10 Or App 310, 314, 499 P2d 1361 (1972); *Waibel v. Compensation Dept.*, 3 Or App 38, 471 P2d 826 (1970).

■■ It is clear from a reading of ORS 656.271 (1) that the intent of the legislature in enacting the medical-opinion requirement was to forestall the filing of frivolous and unsupported claims for aggravation. So long as the claim is timely filed and supported by a medical opinion in writing that the claimant is suffering from an aggravation of his original injury, the purpose of that provision is satisfied. As we read *Larson* a medical opinion satisfies the notice requirement of ORS 656.271(1) if such opinion states that the claimant is suffering from an aggravation of his original injury. The medical opinion submitted by claimant contained such a statement.

■ It is well to point out that the mere submission of a claim of aggravation with a supporting medical opinion does not require the payment of compensation. Under our law all that such a claim does is to require the Board to schedule a hearing within 30 days.

■ We conclude that the original letter of August 5, 1969, by Dr. Grewe stating that in his opinion the claimant "has sustained an aggravation of her symptoms" and recommending further x-rays and clinical tests, showed that Mrs. Hamilton's claim of aggravation was supported by medical evidence, and was a sufficient statement to constitute substantial compliance with the requirement of ORS 656.271(1). The circuit court therefore had jurisdiction to review the case and should have proceeded to the question of whether the evidence supported the claimed aggravation.

■ We recognize that there was competent medical opinion in the record that claimant had not sustained an aggravation of her symptoms. However, we reject as being without statutory basis the conclusion of the Board that the hearing officer was precluded from holding a hearing because all of the medical opinions, except those by Drs. Grewe and Toevs, were adverse to Mrs. Hamilton's claim for aggravation. The written medical opinions by Drs. Grewe and Toevs gave the hearing officer jurisdiction to hear the claim for aggravation.

After claimant appealed to the circuit court, and before the case came on for hearing, she filed a "Notice of Additional Evidence." In her notice she alleged that subsequent to the original hearing before the hearing officer, she "became paralyzed from the waist down and was transferred by ambulance to the Emanual [sic] Hospital in Portland and was treated by Dr.

Grewe." Attached to the motion was a medical report by Dr. Grewe dated August 24, 1971, indicating an aggravation of her industrial injury. This evidence was not available at the time of her hearing (October 29, 1970).

■ It may well be that when claimant's additional evidence of further medical treatment received since the original proceeding is considered, her claim of aggravation will ultimately be denied. Nevertheless, in view of Dr. Grewe's medical opinion, which was concurred in by Dr. Toevs, plus the fact that the additional evidence was not available at the time of the original hearing, we believe claimant was entitled to a supplemental hearing on the issue of aggravation, with the benefit of the additional evidence of further medical treatment. *Beagle v. Wilhelm Warehouse,* 2 Or App 533, 463 P2d 875, 470 P2d 386 (1970).

■ While the law permits us to remand this case to the circuit court to allow that court to decide whether it wishes to conduct a supplemental hearing and take additional evidence concerning disability or remand to the hearing officer (ORS 656.298(6)), objectives of the Workmen's Compensation Law would be best effectuated in this particular case by remanding this claim to the specialized administrative agency charged with the basic responsibilities therefor. The judgment of the circuit court is reversed with instructions to remand the claim to the hearing officer for further proceedings consistent with this opinion. *See, Sahnow v. Fireman's Fund Ins. Co.,* 3 Or App 164, 470 P2d 378 (1970), *affirmed,* 260 Or 564, 491 P2d 997 (1971); *Nolan v. SAIF,* 7 Or App 46, 489 P2d 974 (1971).

Reversed and remanded.