Argued May 25, affirmed July 30, 1973

COLLINS, *Appellant, v.* STATES VENEER, INC.,
*Respondent.*

512 P2d 1006

*David A. Vinson,* Eugene, argued the cause for appellant. With him on the brief were Sahlstrom, Starr & Vinson, Eugene.

*Richard W. Butler,* Eugene, argued the cause for respondent. With him on the brief were Thwing, Atherly & Butler, Eugene.

Before SCHWAB, Chief Judge, and FORT and THORNTON, Judges.

SCHWAB, C. J.

This is a claim for increased compensation for aggravation of a compensable injury, pursuant to

ORS 656.271.[1] The hearing officer's order in favor of claimant was affirmed on review by the Workmen's Compensation Board. The circuit court reversed the order of the Board and denied compensation for the claimed aggravation.

On appeal, the dispositive issue is whether claimant supported his claim for aggravation with a written opinion from a physician that there were reasonable grounds for the claim, as required by ORS 656.271 (1). We hold that he did not.

Claimant, then a 54-year-old plywood plant worker, sustained injury to his back in the course of employment on September 24, 1968, when a 96-pound load of

---

[1] ORS 656.271 provides:

"(1) If subsequent to the last award or arrangement of compensation there has been an aggravation of the disability resulting from a compensable injury, the injured workman is entitled to increased compensation including medical services based upon such aggravation. The claim for aggravation must be supported by a written opinion from a physician that there are reasonable grounds for the claim. In its discretion, the board may order the payment for such medical opinion by claimant or the State Accident Insurance Fund or the direct responsibility employer.

"(2) A request for a hearing on increased compensation for aggravation must be filed with the board within five years after the first determination made under subsection (3) of ORS 656.268. In those cases where a claimant has elected to proceed under subsection (3) of section 43, chapter 285, Oregon Laws 1965, the request for hearing on increased compensation for aggravation must be filed with the board within five years after the date of the first final award of compensation to the claimant, or if there has been no such award, within five years of the order allowing the claim.

"(3) Upon receiving a request for a hearing for increased compensation on account of aggravation, the board shall notify in writing all parties in interest to the claim and shall, if necessary, schedule a hearing before a hearing officer within 30 days after mailing notice of the request for hearing on increased compensation. Subsequent proceedings as to hearings, review and appeal shall conform to ORS 656.010 and 656.262 to 656.382."

plywood fell from a jitney and struck him in the back on the right side. His claim was accepted by the Workmen's Compensation Board, and was closed as a "medical only" claim on October 3, 1968, the same day it was received.

In November 1969, claimant left his employ with the defendant and began working as a custodian for the University of Oregon. On July 6, 1970, he fell in the course of employment for the university and a claim was filed with the State Accident Insurance Fund. That claim was accepted and compensation was paid, including an award for permanent disability of the back and right leg.

On September 1, 1970, claimant underwent back surgery.

■ On November 9, 1970, while the July 1970 claim was still open, claimant filed his request for hearing alleging aggravation of the injury of September 24, 1968, after closure of that claim and before the injury of July 6, 1970. His request was accompanied by a letter from a physician who had examined him after his second injury (1970). The letter stated:

> "Enclosed please find copies of the history and physical examination and operative notes on Mr. Ralph Collins. I would feel that the injury recently was an *aggravation of a pre-existing one* from the injury of September 24, 1968 when working for the State's Veneer Co." (Emphasis supplied.)

Claimant argues that the emphasized portion of the doctor's opinion meets the requirements of ORS 656.271 (1) as interpreted by *Hamilton v. SAIF*, 11 Or App 344, 501 P2d 1007 (1972), Sup Ct *review denied* (1973). In that case, we held that a doctor's report which does not detail the facts on which the doctor

based his opinion, but which states that the claimant is suffering from an aggravation of his original injury, satisfies the statutory requirement.

The above-quoted letter does not meet the *Hamilton* test. We agree with the circuit judge who concluded:

"\* \* \* As the court reads Dr. Hockey's opinion it is to the effect that claimant's *second injury* constituted the aggravation of claimant's first injury and does not provide reasonable grounds to conclude that claimant's condition became aggravated and worse *between the time of claim closure for the first injury on October 3, 1968 and the time of claimant's second injury on July 6, 1970.*" (Emphasis supplied.)

■ Claimant next argues that the doctor's reports which accompanied the letter set forth facts which, if true, would constitute reasonable grounds for the claim, thus satisfying the requirements of ORS 656.271 (1) as interpreted by *Larson v. Compensation Department,* 251 Or 478, 445 P2d 486 (1968).

Those reports included medical history as obtained from the claimant, the doctor's report on claimant's physical condition based on the doctor's examination of him *after the injury of July 1970,* and doctor's notes concerning surgery performed on claimant after the 1970 injury. None of the reports attempted to pinpoint which injury (1968 or 1970) caused the symptoms observable in 1970, nor do they indicate whether it was medically possible to determine that question once the second accident had occurred. In short, none of the reports even addressed the crucial question whether there had been an aggravation of claimant's 1968 injury before the occurrence of the 1970 injury.

■ Finally, claimant argues that the facts set forth

in the claimant's medical history constitute reasonable grounds for the claim. In this regard the medical history is no more than a written record made by the physician of statements made to him by claimant. It contains no medical opinion or evaluation of whether the history is consistent with the doctor's conclusions based on a physical examination of the claimant. If the "facts" contained therein, standing alone, could constitute the facts held sufficient in *Hamilton,* the statutory requirement of a supporting medical opinion would be rendered illusory.

The legislative intent in enacting the medical-opinion requirement of ORS 656.271 (1) "* * * was to forestall the filing of frivolous and unsupported claims for aggravation." *Hamilton v. SAIF,* supra at 1302. "* * * [T]he written opinion is a condition precedent to the right to have a hearing on a claim * * *." *Larson v. Compensation Department,* supra at 482.

■ Thus, an aggravation claim based solely on claimant's statement that his condition has deteriorated is statutorily insufficient. Likewise, a medical report which only sets forth *claimant's* statement that his condition has deteriorated is insufficient. At the very least, an expression of opinion by the doctor that he (the doctor) believes the claimant, or that he finds objective evidence from a medical standpoint to substantiate claimant's history, is necessary. *Larson v. Compensation Department,* supra.

The doctor's reports submitted by claimant here contain no facts observed by the physician or conclusions drawn by him which support the aggravation claim. None of the reports express an opinion regarding the credibility of claimant's medical history, or

whether his physical condition substantiates the history.

Affirmed.