Argued February 20, reversed and remanded March 11, 1974

McKINNEY, *Respondent, v.* G. L. PINE, INC.,
*Appellant.*
519 P2d 1265

*Philip A. Mongrain,* Portland, argued the cause and filed the briefs for appellant.

*Roy Kilpatrick,* John Day, argued the cause and filed the brief for respondent.

Before SCHWAB, Chief Judge, and LANGTRY and TANZER, Judges.

TANZER, J.

This is a claim for aggravation of a compensable injury. The hearing officer's finding that claimant's disability had been aggravated was affirmed by the Workmen's Compensation Board and the circuit court, and the employer appeals to this court.

Claimant slipped and injured his left knee on March 27, 1970. His claim was accepted and he was awarded permanent partial disability of 23 degrees for partial loss of the left leg. Claimant requested a hearing on the extent of permanent disability and the hearing officer increased the award to 105 degrees, or 70 percent loss of the leg. At that hearing, claimant contended that he had experienced hip and back complaints since the injury and that he was therefore entitled to an award for unscheduled permanent disability in addition to the scheduled disability for loss of the leg. The hearing officer found that the hip and back complaints were not related to the compensable injury and therefore denied compensation for them. The hearing officer's order was affirmed in all respects by the Workmen's Compensation Board on February 8, 1972 and no appeal was taken from the Board's order.

ORS 656.271 (1) sets out jurisdictional requisites

by which a claimant may apply for increased compensation for aggravation:

> "If subsequent to the last award or arrangement of compensation there has been an aggravation of the disability resulting from a compensable injury, the injured workman is entitled to increased compensation including medical services based upon such aggravation. The claim for aggravation must be supported by a written opinion from a physician that there are reasonable grounds for the claim. In its discretion, the board may order the payment for such medical opinion by claimant or the State Accident Insurance Fund or the direct responsibility employer."

On March 6, 1972 claimant filed an aggravation claim, contending that "since the injury to his leg" his condition had worsened and that the injury had caused an acceleration of latent arthritic symptoms in his legs, back and hips. In an apparent attempt to comply with ORS 656.271 (1), the following letter to claimant's attorney was attached to the aggravation claim.

> "Dear Mr. Kilpatrick:
>
> "This is a response to your letter of February 23, 1972. It is my opinion that Donald McKinney has been experiencing more pain in his low back, hips, and knees since the injury to his left knee in March, 1970. It is my opinion that if a patient has arthritis in his lower back, his hips and his knees, and incurs an injury to one leg which requires a change in his weight bearing pattern, that the other joints involved in weight bearing are adversely affected. There is more work put on the opposite leg, and this changes the stress pattern in the lower back. I believe that Mr. McKinney is honest in stating that there has been increased pain in the other weight bearing joints following the injury to the left leg.
>
> "Respectfully yours,
> F. A. Short, M. D."

The employer's primary contention on appeal is that that letter did not satisfy the requirement of ORS 656.271 (1). We agree.

■ In order to satisfy the statutory requirement, the physician's opinion must indicate that there are reasonable grounds for the claim that the disability has been aggravated subsequent to the last award or arrangement of compensation. *Collins v. States Veneer, Inc.,* 14 Or App 114, 512 P2d 1006 (1973). The physician's opinion may either simply state that there has been such an aggravation, *Hamilton v. SAIF,* 11 Or App 344, 501 P2d 1007, *rev den* (1973), or it may set forth facts which, if true, would constitute reasonable grounds for the claim. *Larson v. Compensation Department,* 251 Or 478, 445 P2d 486 (1968).

■ The initial hearing in this case was held on September 16, 1971, at which time the parties litigated the issue of the extent of claimant's then-existing disability. The evidence adduced at that hearing was ultimately determined, as stated above, to support an award of 105 degrees permanent partial disability for partial loss of the left leg. In order to support an aggravation claim, the physician's opinion would have had to indicate that there was a reasonable basis for believing that claimant's condition had worsened since September 16, 1971. It does not do so. It states only that claimant has experienced "more pain" since his injury, i.e., since March 27, 1970. There is no indication of what change, if any, occurred between September 16, 1971, and the date of the aggravation claim.

■ Submission of a physician's opinion which conforms to the requirement of ORS 656.271 (1) is a condition precedent to a claimant's right to have a

hearing on an aggravation claim. *Larson v. Compensation Department,* supra. Since such an opinion was not submitted in support of the claim, the Workmen's Compensation Board lacked jurisdiction to make an award of increased compensation on account of aggravation.

Reversed and remanded for entry of an order dismissing claimant's aggravation claim.