Argued April 15, affirmed June 11, reconsideration denied July 17,
petition for review allowed November 1, 1974

BOWSER, *Appellant, v.* EVANS PRODUCTS CO.
(No. 73-1300), *Respondent.*
522 P2d 1405

*Allan H. Coons,* Eugene, argued the cause for appellant. With him on the brief were Coons, Malagon & Cole, Eugene.

*Richard W. Butler,* Eugene, argued the cause for respondent. With him on the brief were Thwing, Atherly & Butler, Eugene.

Before LANGTRY, Presiding Judge, and FOLEY and FORT, Judges.

FOLEY, J.

Claimant suffered a compensable injury on March 9, 1966, when he fell forward and struck his head on a conveyor belt roller while working as a packing inspector in defendant's plant. On August 4, 1967, a Determination Order was entered awarding claimant temporary total disability to July 31, 1967, and denying a claim for permanent partial disability. This order was affirmed, following a hearing, on December 5, 1968 by a hearing officer and by the Board itself on May 2, 1969. Claimant's appeal to the circuit court was dismissed for failure to comply with statutory appeal provisions.

On January 4, 1972, claimant applied for a hearing on a claim of aggravation of his 1966 injury, ORS 656.271 (1) (1971), and for further medical services, ORS 656.245. ORS 656.271 (1) (1971) states:

> "If subsequent to the last award or arrangement of compensation there has been an aggravation of the disability resulting from a compensable injury, the injured workman is entitled to increased com-

pensation including medical services based upon such aggravation. The claim for aggravation must be supported by a written opinion from a physician that there are reasonable grounds for the claim. In its discretion, the board may order the payment for such medical opinion by claimant or the State Accident Insurance Fund or the direct responsibility employer."

In support of his application, claimant attached an opinion by Dr. John L. Carter.

In his opinion and order, the hearing officer stated:

"* * * I take it as being demonstrated that claimant then [at the time of the first hearing] had no disability, including no psychiatric disability attributable to the industrial injury. It is conceivable that on review of the evidence in the earlier hearing I might come to a different conclusion as to the question of the existence or non-existence of permanent disability, but for me to undertake to make a reappraisal of this kind would constitute a collateral attack on the * * * [first order].

"Accepting the fact, then, that claimant had no permanent disability physical or psychiatric, at the time of the last arrangement of compensation the question is presented whether there is presently a change in condition amounting to an aggravation of his disability. I conclude that claimant is presently suffering from a psychiatric disorder causally related to his industrial injury, which requires medical treatment. * * *"

The hearing officer awarded claimant temporary total disability benefits. The Workmen's Compensation Board affirmed, but was reversed by the circuit court, on the ground that:

"Claimant has failed to support his claim by a physician's written opinion as required by ORS 656.271."

We agree with the circuit court.

ORS 656.271 (1971), quoted above, requires that claimant's injury be aggravated since the last award. The fact that the earlier decision was that claimant was not disabled at that time, and that he now is disabled, is not sufficient to establish aggravation. If it were, the effect of ORS 656.271 (1971) would be to provide a means for a delayed appeal from an erroneous finding of fact in the first order. It is not contended that such is the law.

Dr. Carter's medical opinion,[1] while it found claimant had disability from the March 1966 accident, did not support the claim for aggravation. It did not mention aggravation or state in any way that claimant's condition had worsened since August 4, 1967, the date of the original Determination Order. In fact, a report from Dr. Lewinsohn, Professor of Psychology at the University of Oregon, which was attached to Dr. Carter's opinion, stated that tests given the claimant in August of 1968 and December of 1971 showed similar results. Professor Lewinsohn, in support of his conclusion that claimant was not malingering, pointed out:

"* * * *The pattern of test scores is remarkably similar with Mr. Bowser showing more or less the same kinds of problems he was showing before.* * * *" (Emphasis by Dr. Lewinsohn.)

We therefore conclude that there was no "reasonable basis" for the claim of aggravation in Dr. Carter's

---

[1] Dr. Carter's report stated:

"* * * There is little question in my mind that Mr. Bowser is physically and emotionally disabled and that the major share of the disability stems from the industrial accident suffered in March 1966. Impression: 1. Non-psychotic organic brain syndrome secondary to brain trauma. 2. Hysterical neurosis conversion type. 3. Passive-aggressive personality dependent type."

opinion so we cannot entertain the claim for aggravation under ORS 656.271 (1971).[2] *McKinney v. G. L. Pine, Inc.,* 16 Or App 619, 519 P2d 1265 (1974) ; *Collins v. States Veneer, Inc.,* 14 Or App 114, 512 P2d 1006 (1973).

■ Claimant argues in the alternative that he is entitled to medical services under ORS 656.245 (1) :

> "For every compensable injury, the direct responsibility employer or the State Accident Insurance Fund shall cause to be provided medical services for conditions resulting from the injury for such period as the nature of the injury or the process of the recovery requires, including such medical services as may be required after a determination of permanent disability. Such medical services shall include medical, surgical, hospital, nursing, ambulances and other related services, and drugs, medicine, crutches and prosthetic appliances, braces and supports and where necessary, physical restorative services."

The circuit court also denied this claim. Claimant cites *Wait v. Montgomery Ward, Inc.,* 10 Or App 333, 499 P2d 1340, Sup Ct *review denied* (1972), in support of his claim for medical services. In *Wait,* an aggravation case, we agreed with the hearing officer, the Board and the circuit court that aggravation had not been established but that ORS 656.245 (1) allowed

> "compensation for such medical services as he was reasonably required to incur, following his award for *permanent partial disability,* resulting

---

[2] This is not to say that claimant has no remedy. ORS 656.278 (1) grants the Board continuing jurisdiction to modify, on its own motion, former findings, orders or awards. If an error was made, or if for some other reason the claimant deserves additional compensation — an issue on which we express no opinion — the Board has the authority to modify its earlier decision. ORS 656.271 (1971) does not provide such authority, however.

in whole or in part from his original compensable injury. * * *" (Emphasis supplied.) 10 Or App at 338.

In the present case, relative to the March 9, 1966 injury, as previously mentioned, the hearing officer ruled on December 5, 1968, that claimant had *no permanent partial disability* from the 1966 episode. The order was affirmed by the Board on May 2, 1969, and remains the law of the case. We are thus precluded under the statute and our interpretation of *Wait*[9] from making any award of medical services to claimant in this case.

Affirmed.

---

[9] Legislative history supports the proposition that additional medical services were intended to be provided for *permanent partial disability* cases. Following was testimony before the House Labor and Management Committee:

"* * * [O]ne feature of the bill which provides new benefits not in the present law is this matter of medical services during the period of permanent partial disability for permanent partial disability cases. Today there is no right to medical services to a workman receiving a permanent partial disability award unless he goes through a formal aggravation procedure or has his case reopened. This is true — he is entitled to medical only in permanent total, and I know the feeling is, those that administer the present law that providing the additional benefits will be very costly, but the feeling of the committee has been that this is the proper thing, even though it may be costly, because we feel that the man should first be entitled to good medical care, and that without a lot of red tape he should be able to get it. It may — we're not certain how it's going to be administered, but we have proposed this and we're standing by it." Minutes, House Committee on Labor and Management, January 29, 1965, Tape D, Side II at 1068.