Argued October 28, reversed December 9, 1974, reconsideration
denied January 15, remanded to Court of Appeals
February 19, 1975

## THROOP, *Respondent, v.* STATE ACCIDENT INSURANCE FUND (No. 43589), *Appellant.*

### 528 P2d 1353

*Jim G. Russell,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

*C. S. Emmons,* Albany, argued the cause for respondent. With him on the brief was Emmons, Kyle, Kropp & Kryger, Albany.

Before SCHWAB, Chief Judge, and THORNTON and TANZER, Judges.

TANZER, J.

This is an appeal by the State Accident Insurance Fund from an order of the circuit court requiring it to accept a claim for aggravation of the claimant's temporary total disability, reversing the orders of the Workmen's Compensation Board and the Hearing Officer denying the aggravation claim.

The threshold issue is whether the claimant's physician's reports satisfied the jurisdictional requirement of ORS 656.273 (4), formerly ORS 656.271 (1), which provides in part:

"The claim for aggravation must be supported by a written opinion from a physician that there are reasonable grounds for the claim. * * *"

Claimant acknowledges that the treating physician's last report concludes:

"* * * Comparing the findings of this date [August 21, 1972] with those which are noted on previous reports in 1970, show no worsening of her condition. It seems to me there is no evidence here to substantiate an element of aggravation. * * *"

She claims, however, that although her physician failed to use the statutory words to indicate aggravation, intervening medical and chiropractic reports of treatment for intervening conditions relate facts from which aggravation can be inferred pursuant to this court's opinion in *McKinney v. G. L. Pine, Inc.,* 16 Or App 619, 519 P2d 1265 (1974), which states:

"* * * The physician's opinion may either simply state that there has been such an aggravation or it may set forth facts which, if true, would constitute reasonable grounds for the claim." (Citations omitted.)

As in *Bowser v. Evans Products Co.,* 17 Or

App 542, 522 P2d 1405, *rev allowed* (1974), the contents of the physician's and chiropractor's reports do not establish grounds from which aggravation may be inferred. While *McKinney* makes clear that there are no required formulaic words, those chosen by claimant's physician clearly express his meaning. Therefore, the claim for aggravation was properly denied, the order of the circuit court is reversed and the order of the Board is reinstated.