Argued December 16, 1974, affirmed January 14, reconsideration denied February 6, petition for review denied February 19, 1975

LONG (No. 404 173), *Appellant, v.* INDUSTRIAL INDEMNITY COMPANY, *Respondent.*

530 P2d 524

*Raymond J. Conboy,* Portland, argued the cause for appellant. On the brief were Pozzi, Wilson & Atchison, and Elden M. Rosenthal, Portland.

*Marshall C. Cheney,* Portland, argued the cause for respondent. With him on the brief were Gearin, Cheney, Landis, Aebi & Kelley, Portland.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

PER CURIAM.

The trial judge's opinion in this case succinctly states the issue and correctly decides it. We adopt it. It reads in pertinent part:

"On April 1, 1971 claimant sustained an on-the-job injury to his back. His compensation claim was closed on February 18, 1972 with a permanent partial disability award of 96 degrees for an unscheduled injury. Claimant has now filed an aggravation claim. The claim was allowed by the hearing officer who determined that claimant was permanently and totally disabled. The Workman's [sic] Compensation Board has reversed on the ground that the claim for aggravation is not supported by a writ-

ten opinion from a physician that there are reasonable grounds for the claim as required by ORS 656.273. \* \* \*.

"\* \* \* \* \*

■■ "The issue which the Board found to be determinative raises [a] \* \* \* hurdle which, in my opinion, cannot be overcome. Beginning with *Larson v. Comp. Dept.*, 251 Or. 478, 445 P.2d 486, the appellate courts have consistently held that a claim for aggravation must be supported by a written medical opinion in accordance with ORS 656.-271 (1) as a condition precedent to the right to have a hearing on the aggravation claim. *Larson* went on to state that it was not necessary that the report of the physician use the statutory language. 'The test is whether the written opinion does support the claim by setting forth the facts which, if true, would constitute reasonable grounds for the claim. \* \* \*.' For later cases applying this case to various fact situations see *Hamilton v. SAIF,* 11 Or.App. 344, 501 P.2d 1007; *Collins v. State Veneer, Inc.,* 14 Or.App. 114, 512 P.2d 1006 (1973); *McKinney v. G. L. Pine, Inc.* \* \* \* [16 Or App 619], 519 P.2d 1265 (1974); *Bowser v. Evans Products Co.,* 99 Adv. Sh. 361 [17 Or App 542, 522 P2d 1405, *rev'd on other grounds* 99 Adv Sh 3288, — Or ——, 530 P2d 44 (1974)].

■ "None of the medical reports available to the hearing officer at the beginning of the hearing expressed an opinion that the claimant had sustained an aggravation of his prior condition. I have also read carefully all of the reports to see whether there is [sic] sufficient facts in the reports which would furnish reasonable grounds to say that claimant's condition had worsened since the last award of compensation on February 18, 1972. In my opinion the reports do not contain such facts. \* \* \* Claimant has argued vigorously that a comparison of the physical findings upon examination by Dr. Robinson in January, 1972 with the physical findings as

found by Dr. Cherry in November, 1973, show sufficient facts of aggravation. I have carefully compared the reports. There are some differences between the findings of the two doctors as far as various movements by the patient are concerned upon examination. However, I cannot feel that this is sufficient so as to constitute a valid written opinion as required by the statute. It is common knowledge that the measurement of loss of movement in a patient in percentages or degrees varies with the examiner. In other words, two medical examiners might vary to a modest degree in expressing the extent of limitation even though the patient's movements before each examination were exactly the same.

"The order of the Compensation Board * * * is affirmed.

Affirmed.