Argued and submitted April 13, affirmed June 8, 1983

In the Matter of the Compensation of
Ray H. Oakley, Claimant.

OAKLEY,
*Petitioner,*
*v.*
STATE ACCIDENT INSURANCE FUND
CORPORATION,
*Respondent.*

(81-04845; A26269)

664 P2d 431

J. Michael Alexander, Salem, argued the cause for petitioner. With him on the brief was Burt, Swanson, Lathen, Alexander & McCann, Salem.

Darrell E. Bewley, Appellate Counsel, State Accident Insurance Fund Corporation, Salem, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Claimant appeals from a Workers' Compensation Board order reversing the referee's finding that he had proved an aggravation of his previous compensable back strain. The issue is whether claimant has proven a compensable aggravation since the last arrangement of compensation. On *de novo* review, we affirm.

Claimant sustained an injury to his back in 1978. His claim was accepted and ultimately closed in 1979 by a determination order that awarded him 25 percent permanent partial disability. On appeal, a referee increased that award to 80 percent. The Workers' Compensation Board reduced that award to 50 percent. No appeal was taken from the Board's order.

Claimant later filed this claim for aggravation, contending that he had been unable to work since December 17, 1980. SAIF denied that claimant had suffered a compensable aggravation and denied reopening. The referee found that claimant had suffered a compensable aggravation and ordered that his claim be reopened. SAIF appealed. The Board reversed the referee and upheld SAIF's denial. The Board found that claimant had established entitlement to compensation for medical services under ORS 656.245 but that he had failed to prove a worsening of his condition under ORS 656.273.

Three doctors examined claimant and issued reports after his original claim was closed. Dr. Anderson, who had also examined claimant prior to closure, concluded on re-examination that no objective substantiation existed for his complaints of increased disability and pain. He attributed the complaints to functional overlay. Dr. DiIaconi, who had not treated claimant for his back injury, felt that claimant was "definitely disabled for gainful substantial activities in the field for which he is trained." Dr. Melgard, claimant's principal treating physician, stated on re-examination that he considered him "totally disabled." His conclusion apparently was based on both physical and non-physical factors, including claimant's age, lack of motivation and employers' reluctance to hire a worker with a history of back problems. Neither Drs. DiIaconi nor Melgard specifically found that claimant's condition had worsened, although both noted his assertion of a deteriorating condition.

An aggravation claim based solely on a claimant's statement that his condition has deteriorated is statutorily insufficient. Likewise, a medical report which only sets forth *claimant's* statement that his condition has deteriorated is insufficient. At the very least, an expression of opinion by the doctor that he believes the claimant, or that he finds objective evidence from a medical standpoint to substantiate claimant's history, is necessary. *Larson v. Compensation Department,* 251 Or 478, 482, 445 P2d 486 (1968); *Collins v. States Veneer, Inc.,* 14 Or App 114, 119, 512 P2d 1006 (1973).

A comparison of the medical reports issued here prior to closure with the more recent reports of Drs. DiIaconi and Melgard does not support a finding of worsening. In July, 1979, prior to closure, Dr. Lawton wrote:

> "With his present degree of symptoms, it is not felt that he is considered employable although with time should he improve perhaps return to some degree of light work which does not require repeated bending or heavy lifting may be feasible."

Drs. Melgard and Bright concurred with Dr. Lawton's assessment. Further, Dr. Melgard specifically recommended that claimant's claim *not* be reopened for special treatment.

Aggravation of a chronic lumbosacral strain presents a complicated question requiring expert medical evidence. *Jacobson v. SAIF,* 36 Or App 789, 792, 585 P2d 1146, *rev den* 284 Or 521 (1978); *see Uris v. Compensation Department,* 247 Or 420, 427 P2d 753, 430 P2d 861 (1967). Where none of the medical reports expresses an opinion that claimant has sustained an aggravation or provides sufficient facts to support that inference, the claim lacks medical verification. *See Long v. Industrial Indemnity Co.,* 20 Or App 24, 530 P2d 524, *rev den* (1975).

We conclude that claimant has failed to sustain his burden of proof that his condition has been aggravated since the last arrangement of compensation.

Affirmed.