Argued and submitted May 2, reversed and remanded May 22, 1984

In the Matter of the Compensation
of Norman Garbutt, Claimant.

GARBUTT,
*Petitioner on review,*

*v.*

SAIF CORPORATION,
*Respondent on review.*

(WCB No. 80-11364; SAIF No. D 4992;
CA A27709; SC S30281)

681 P2d 1149

James S. Coon, of Welch, Bruun & Green, Portland, argued the cause and filed the briefs for petitioner on review. With him on the petition was Douglas S. Green, Portland.

Darrell E. Bewley, Appellate Counsel, Salem, argued the cause and filed the brief for respondent on review.

JONES, J.

Peterson, C. J., filed a dissenting opinion.

### JONES, J.

The claimant petitioned for judicial review of the Workers' Compensation Board's order awarding him 30 percent permanent partial unscheduled disability for injury to his left shoulder. The Board's order reduced the referee's award of permanent total disability. The Court of Appeals affirmed without opinion.

After reviewing the very complicated medical history of the claimant, the Board stated in its order: "The medical evidence does not support any conclusion other than that claimant has suffered a very minor impairment to his left shoulder" and that "[w]e do not believe that it is an uncomplicated matter such that lay testimony alone would be sufficient to resolve the issue." The claimant and his wife had testified that he was no longer able to do very much with his shoulder and that the injury, coupled with other non-job related injuries, left him unable to work at any suitable employment.[1]

SAIF contends in its brief:

"* * * Petitioner asserts that since * * * medical opinions were issued, and since the last arrangement of compensation * * *, his left shoulder has worsened. There is no medical evidence to support his testimony. He says he needs none. The law says he does. In *Oakley v. SAIF*, 63 Or App 433, 664 P2d 431 (1983), the Court held 'An aggravation claim based solely on a claimant's statement that his condition has deteriorated is statutorily insufficient.' * * *"

The claimant responded that his claim was not an aggravation claim, but an "extent of unscheduled permanent disability" claim and that *Oakley v. SAIF*, 63 Or App 433, 664 P2d 431 (1983), upon which SAIF and apparently the Board relied, is irrelevant.

*Oakley* involved a claim for aggravation under ORS 656.273, which provides:

---

[1] ORS 656.206(1)(a):

" 'Permanent total disability' means the loss, including preexisting disability, of use or function of any scheduled or unscheduled portion of the body which permanently incapacitates the worker from regularly performing work at a gainful and suitable occupation. As used in this section, a suitable occupation is one which the worker has the ability and the training or experience to perform, or an occupation which the worker is able to perform after rehabilitation."

"(1) After the last award or arrangement of compensation, an injured worker is entitled to additional compensation, including medical services, for worsened conditions resulting from the original injury."

Although the statute mentions that a claim may be commenced by filing a physician's report:

"(3) A physician's report indicating a need for * * * additional compensation is a claim for aggravation."

It further provides that a physician's report is not a jurisdictional requirement for an aggravation claim:

"(7) * * * Adequacy of the physician's report is not jurisdictional. If the evidence as a whole shows a worsening of the claimant's condition the claim shall be allowed."

▪ The Court of Appeals in *Oakley* was incorrect when it stated: "An aggravation claim based solely on a claimant's statement that his condition has deteriorated is statutorily insufficient."[2] 63 Or App at 436. The statute as amended in 1973 does not require a physician's report to support such a claim. The cases cited in *Oakley, Larson v. Compensation Dept.*, 251 Or 478, 445 P2d 486 (1968), and *Collins v. States Veneer, Inc.*, 14 Or App 114, 119, 512 P2d 1006 (1973), were based on ORS 656.271 which required such medical evidence. However, ORS 656.273 was enacted in 1973 in lieu of ORS 656.271.[3]

▪ We allowed review in this case to make clear that a physician's report is not indispensable in a workers' compensation claim. In the case of an "extent of disability" claim, such as this claim, as in the case of an aggravation claim, no physician's report is *required* to be statutorily sufficient. The worker's or other lay testimony may or may not carry the worker's burden of proving the extent of disability, but the law

---

[2] The Court of Appeals in *Oakley v. SAIF*, 63 Or App 433, 436, 664 P2d 431 (1983), also stated that "[a]ggravation of a chronic lumbosacral strain presents a complicated question requiring expert medical advice." We assume that the court, in its role as trier of fact, made that statement with respect to the *Oakley* case itself, for if the statement was meant to be a rule of law, it was erroneous. Aggravation claims for chronic lumbosacral strains do not, as a matter of law, require medical testimony.

[3] ORS 656.271 (1971) required that "[t]he claim for aggravation must be supported by a written opinion from a physician that there are reasonable grounds for the claim." Or Laws 1973, ch 420, §§ 4 and 5.

does not mandate a medical report. The same is true for an aggravation claim.

◼       In reviewing the Board's order in this case, we cannot determine if the Board, as did SAIF, believed medical testimony was statutorily required or simply that the Board was unconvinced by the lay testimony and without medical evidence could not resolve the issue. If based on the latter, the Board's decision is legally correct; if based on the former, the Board should reevaluate its decision in light of all the credible lay and expert or professional medical evidence.

The Court of Appeals is reversed and this matter is remanded to the Workers' Compensation Board for further proceedings consistent with this opinion.

**PETERSON, C. J.,** dissenting.

Before 1973, ORS 656.271 contained the jurisdictional requirement that when a claim for aggravation was filed it "must be supported by a written opinion from a physician that there are reasonable grounds for the claim." The requirement of a "written opinion from a physician" as a condition to filing a claim for worsening is to be distinguished from the rule that "where injuries complained of are of such character as to require skilled and professional persons to determine the cause and extent thereof, the question is one of science and must necessarily be determined by testimony of skilled, professional persons." *Uris v. Compensation Department,* 247 Or 420, 424, 427 P2d 753, 755, 430 P2d 861 (1967). The former rule related to the jurisdiction to hear a claim; the latter rule relates to the sufficiency of proof.

ORS 656.271 was repealed in 1973, Or Laws 1973, ch 620, § 4, and replaced by ORS 656.273, which deleted the requirement that the claim for aggravation be supported by a written opinion from a physician. The *Uris* proof requirement stated above remains the law in Oregon.

I agree with the majority that the Court of Appeals erred in *Oakley v. SAIF,* 63 Or App 433, 436, 664 P2d 431, 433 (1983), when it stated that "[a]n aggravation claim based solely on a claimant's statement that his condition has deteriorated is statutorily insufficient." The Court of Appeals cited *Larson v. Compensation Department,* 251 Or 478, 482, 445 P2d

486, 488 (1968), for that proposition. *Larson* may stand for that proposition, but the 1973 amendment changed the rule.

In the case at bar, the Board reviewed the medical evidence, including the medical reports, and then stated:

"While noting that the medical evidence offered no direct support that claimant's left shoulder condition was worse at the time of the hearing than at the time it was found to be medically stationary, the Referee nevertheless concluded that it had worsened. The medical evidence in favor of this proposition is both scanty and inconclusive. Prior to the hunting accident, claimant's left shoulder was being treated with rest and heat treatments and was improving to the point where claimant was capable of going elk hunting, riding a horse and apparently using a high-power rifle. By October of 1981, the pain had increased to the point where injections were necessary and an arthrogram was suggested but refused. We do not find a sufficient basis in the record for concluding that claimant's left shoulder condition had worsened. *We do not believe that it is an uncomplicated matter such that lay testimony alone would be sufficient to resolve the issue.*

"Claimant argues that the vocational evidence contained in the record strongly supports the conclusion that he is permanently and totally disabled. The vocational evidence does indeed point toward such a conclusion. However, we think it is obvious that the vocational reports were considering claimant's entire physical disabilities including the non-related psychological condition and the non-compensable hunting injury which, as we have previously pointed out, may not be properly considered. We cannot conclude that the evidence as a whole supports the proposition that prior to the hunting accident, claimant was permanently and totally disabled. We are not even completely convinced that the medical evidence supports a conclusion that, prior to that hunting accident, claimant would have been precluded from his job as a small engine mechanic." (Emphasis added.)

I do not read the Board's order as does the majority. I read the Board's opinion to say that the question of whether the plaintiff's disability was due to a compensable worsening or to a noncompensable hunting accident (a bullet fired from a 30/30 rifle struck claimant in the hip causing partial paralysis in the left leg) was of such character that an expert medical opinion would be required. Such a determination by the Board is permissible under *Uris v. Compensation Department, supra.*

Because the Court of Appeals likely affirmed the Board for that reason, I would affirm the Board and the Court of Appeals.