In the Matter of the Compensation of
Danny C. King, Claimant.
KING,
*Petitioner,*

*v.*

GEORGIA-PACIFIC CORPORATION,
*Respondent.*
(83-07284; CA A33137)
709 P2d 1156

Robert K. Udziela, Portland, argued the cause for peti-tioner. On the brief were Peter W. Preston and Pozzi, Wilson, Atchison, O'Leary & Conboy, Portland.

Jerry K. Brown, McMinnville, argued the cause for respondent. With him on the brief was Cummins, Cummins, Brown & Goodman, P.C., McMinnville.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

PER CURIAM

## PER CURIAM

In this workers' compensation case the referee modified the determination order by deleting an award of permanent partial disability on the basis that a complicated medical question was involved requiring expert testimony of impairment, which the referee found to be lacking. The Board affirmed. We disagree. A physician's report is not indispensable, nor is it required in an "extent of disability" claim. *Garbutt v. SAIF,* 297 Or 148, 151, 681 P2d 1149 (1984). Neither the referee nor the Board found that claimant was not credible. We find that claimant's testimony and the medical records introduced were sufficient to carry his burden of proof.

An extended opinion would not aid the Board or the bar. *See Hoag v. Duraflake,* 37 Or App 103, 105, 585 P2d 1149, *rev den,* 284 Or 521 (1978). Therefore, we simply state that, on *de novo* review of the record, we find claimant to be permanently partially disabled to the extent of 30 degrees, for loss equal to 20 percent of function of his right leg.

Order modified to award permanent partial disability of 30 degrees for loss of use of claimant's right leg.