Argued October 27, 1964, reversed and remanded January 20, 1965

# TOOLEY *v.* STATE INDUSTRIAL ACCIDENT COMMISSION

398 P. 2d 184

*Quentin B. Estell,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Robert Y. Thornton, Attorney General, and Ray H. Lafky, Assistant Attorney General, Salem.

*James B. Minturn,* Prineville, argued the cause for respondent. With him on the brief was James F. Bodie, Prineville.

Before McALLISTER, Chief Justice, and PERRY,

Sloan, O'Connell, Goodwin, Denecke and Lusk, Justices.

PERRY, J.

Judgment was entered for the plaintiff and the defendant State Industrial Accident Commission appeals.

The plaintiff had been injured in an industrial accident in November, 1960. On May 23, 1963, the defendant commission closed the claim on the basis that the plaintiff had been physically restored to a condition of self-support and maintenance as complete as could be made, as is required by ORS 656.246.

After plaintiff's petition for a rehearing was denied, the plaintiff appealed by filing this action in the circuit court for Crook county.

The plaintiff's complaint alleges and the answer admits the injury received, and that the defendant commission on closing the claim entered an award of permanent partial disability. The plaintiff in his prayer asks that the order of the commission determining permanent partial disability and closing his claim be set aside and that he be afforded further medical treatment, his medical bills since the entry of the order be paid, and that for these purposes he be re-afforded the status of "temporary total disability until his condition becomes stationary or, in lieu thereof, the plaintiff be awarded an award of permanent total disability."

The cause was tried before a jury which answered the following question in the affirmative:

"Is plaintiff in need of further medical treatment and care for a condition proximately result-

ing from his accidental injury of November 2, 1960?"

The jury was also submitted the following questions:

"Is plaintiff permanently and totally disabled as a proximate result of his accidental injury of November 2, 1960?"

"What is the extent of plaintiff's permanent partial disability for unscheduled disabilities proximately resulting from his accidental injury of November 2, 1960?"

These later interrogatories were not answered by the jury, since the trial court instructed that if they answered that the plaintiff was in need of further medical treatment and care in the affirmative, they need not do so.

Objection was made by the defendant commission to the form of the verdict.

The interrogatory submitted and answered in the affirmative by the jury is subject to two conclusions, either (1) that the plaintiff is in need of further medical treatment of a palliative nature although nothing further can be done to effect a cure of his physical complaint, or (2) his condition is not stationary and he needs medical treatment and care until his condition stabilizes.

It will thus be noted that the answered interrogatory standing alone is so indefinite that without reference to the evidence offered it would be impossible to determine the basis of the jury's action.

Referring to the evidence, we find that as to the medical question of whether his condition was or was not stationary at the time of the commission's order closing the claim, all of the medical testimony offered

by both plaintiff and defendant is that plaintiff's condition was stationary.

Since plaintiff's claim is not based upon an injury subsequent to the closing order, and there is no evidence that would support a finding of total disability or that additional medical treatment would accomplish a restoration of plaintiff's permanent physical condition beyond what had already occurred, we are compelled to the conclusion that the jury made its finding, that plaintiff was "in need of further medical treatment and care," on the basis of testimony that, while medical science cannot effect a cure, it can temporarily relieve the muscle spasms from which plaintiff on occasions suffered as they might occur from time to time in the future.

The question then presented is—Under the act is an injured workman entitled to medical treatment that is only palliative and not curative after his physical condition has become stationary?

If the act permits palliative treatment after the workman's condition is stabilized, the judgment can be sustained. If not, the action must be dismissed.

The answer is to be found in ORS 656.246(1), which reads:

"(1) One purpose of ORS 656.002 to 656.590 is to restore the injured person as soon as possible and as nearly as possible to a condition of self-support and maintenance as an able-bodied workman, and final settlement shall not be made in any case until the commission is satisfied that such restoration is probably as complete as it can be made. Except as limited by ORS 656.002 to 656.590, the commission may expend money from the Industrial Accident Fund to accomplish this purpose in each case."

The plaintiff relies upon the holdings in *Fierro v. Public Service Coord. Transport,* 44 NJ Super 73, 129 A2d 470 and *Howard v. Harwood's Restaurant Co.,* 40 NJ Super 564, 123 A2d 815, which hold that an employee who has suffered an injury impossible to cure is still entitled to such medical and hospital care as is required to relieve the employee from the effects of his injury.

The defendant commission relies upon the holdings in *LeClair v. Textron Mills,* 77 RI 318, 75 A2d 309, and *Quinn v. Poli,* 104 Conn 393, 133 A 98, which hold that after an injured workman's condition has become stationary he is not entitled to additional treatment that is only palliative and not curative.

In the New Jersey cases the court, in holding that an employer was required to furnish medical and hospital care after the workman's condition was stabilized, relied upon the wording of the New Jersey statute which provided "the employer shall furnish to the injured workman such medical, surgical and other treatment, and hospital service as shall be necessary to *cure and relieve* the workman of the effects of the injury * * *." *Howard v. Harwood's Restaurant Co.,* supra, 40 NJ Super 564, 573, 123 A2d 815, 820. (Italics theirs.)

The Rhode Island court, in holding that palliative treatment was not required of an employer, distinguished its statute, which used the word "rehabilitation," from those of states which used the word "relieve."

While our statute employs neither the word "relieve" nor the word "rehabilitation," it appears from the language employed by the legislature that the language so used is the equivalent of "rehabilitation."

"Rehabilitation," as used in the sense of "restoration" of the physical capacity of an individual, is defined in Webster's Third New International Dictionary as "the physical restoration of a sick or disabled person by therapeutic measures and re-education to participation in the activities of a normal life within the limitations of his physical disability."

It also appears from a reading of the entire Workmen's Compensation Act, that restoration of the individual as nearly as possible *within the limitations of the injury suffered* and not a palliative treatment was the intent of the legislature, for no mention is made of "relieving the workman from the effects of his injury," but maintenance is provided, insofar as his physical disability extends, through the enactment of ORS 656.210 providing temporary total disability payments, ORS 656.212 providing temporary partial disability payments, ORS 656.214 providing permanent partial disability payments, and ORS 656.206 providing payments for permanent total disability.

Being unable to find any language in the Workmen's Compensation Act that would authorize the commission to expend funds for palliative treatment after an injured workman's condition has stabilized, we are compelled to hold that the trial court erred in submitting this issue to the jury.

The cause is reversed and remanded with instructions to enter judgment for the defendant.