Argued June 22, affirmed as modified July 27, petition for
rehearing denied August 21, petition for review
denied September 6, 1972

WAIT, *Appellant, v.* MONTGOMERY WARD, INC.,
*Respondent.*
499 P2d 1340

*Douglas M. Fellows,* Portland, argued the cause for appellant. With him on the brief were Hedrick & Fellows, P.C., Portland.

*Marshall C. Cheney, Jr.,* Portland, argued the cause for respondent. With him on the brief were Mize, Kriesien, Fewless, Cheney & Kelley, Portland.

Before SCHWAB, Chief Judge, and FORT and THORNTON, Judges.

FORT, J.

This is a workmen's compensation case. Claimant filed a claim against his employer to recover for medical services and increased disability arising out of a claimed aggravation of a previously compensated injury claimant incurred while working for respondent employer. The Hearing Officer, the Workmen's Compensation Board and the court below all held for employer.

Claimant received compensation in 1967 for an industrial back injury. His claim was closed by determination order of April 17, 1969, awarding him 96 degrees permanent partial disability for the injury.

No appeal was taken, and the award became final by lapse of time.

Between 1970 and 1971, in the course of his private daily routine, unrelated to any employment, claimant suffered temporary sprains to his back in the area of the original injury. Claimant sought additional compensation for aggravation and also medical expenses incurred in the recurrent treatment of the original injury.

The evidence establishes, and the Hearing Officer, the Board and the circuit court all concluded, that the treatment received and required for the subsequent back strains was purely palliative, and that in each instance complained of the claimant was restored to his prior condition.

Claimant contends that the rule in *Tooley v. S.I.A.C.*, 239 Or 466, 398 P2d 184 (1965), no longer applies in Oregon because the statute, ORS 656.246(1), which it construed, was repealed. Oregon Laws 1965, ch 285, § 95.

In *Tooley* the statute then provided:

"'(1) One purpose of ORS 656.002 to 656.590 is to restore the injured person as soon as possible and as nearly as possible to a condition of self-support and maintenance as an able-bodied workman, and final settlement shall not be made in any case until the commission is satisfied that such restoration is probably as complete as it can be made. Except as limited by ORS 656.002 to 656.590, the commission may expend money from the Industrial Accident Fund to accomplish this purpose in each case.'" 239 Or at 469.

Concerning it, the court said:

"While our statute employs neither the word 'relieve' nor the word 'rehabilitation,' it appears

from the language employed by the legislature that the language so used is the equivalent of 'rehabilitation.'

" 'Rehabilitation,' as used in the sense of 'restoration' of the physical capacity of an individual, is defined in Webster's Third New International Dictionary as 'the physical restoration of a sick or disabled person by therapeutic measures and re-education to participation in the activities of a normal life within the limitations of his physical disability.'

"It also appears from a reading of the entire Workmen's Compensation Act, that restoration of the individual as nearly as possible *within the limitations of the injury suffered* and not a palliative treatment was the intent of the legislature, for no mention is made of 'relieving the workman from the effects of his injury,' but maintenance is provided, insofar as his physical disability extends, through the enactment of ORS 656.210 providing temporary total disability payments, ORS 656.212 providing temporary partial disability payments, ORS 656.214 providing permanent partial disability payments, and ORS 656.206 providing payments for permanent total disability.

"Being unable to find any language in the Workmen's Compensation Act that would authorize the commission to expend funds for palliative treatment after an injured workman's condition has stabilized, we are compelled to hold that the trial court erred in submitting this issue to the jury." (Emphasis in original.) 239 Or at 470-71.

In 1965 the legislature completely revised the Workmen's Compensation Act. In lieu of former ORS 656.246(1), it provided:

"656.245(1)  For every compensable injury, the direct responsibility employer or the department [now State Accident Insurance Fund] shall cause

to be provided medical services for conditions resulting from the injury for such period as the nature of the injury or the process of the recovery requires, *including such medical services as may be required after a determination of permanent disability.* Such medical services shall include medical, surgical, hospital, nursing, ambulances and other related services, and drugs, medicine, crutches and prosthetic appliances, braces and supports and where necessary, physical restorative services." (Emphasis supplied.)

The question before us is: Does the present Act authorize medical expenditures for purely palliative purposes incurred after the final award for permanent partial disability, but arising out of the condition resulting from the injury for which the award was made?

No Oregon case directly answering the question under the new Act has come to our attention. In an article entitled *The 1965 Oregon Workmen's Compensation Law: A New Model for the States,* 45 Or L Rev 40 (1966), discussing the new Act, the author states:

"For many years, the Oregon law has provided for full medical services during disability, prior to award; and the right of a claimant to choose his own doctor has generally been granted, subject to possible veto by the commission. In the new law, this right has been clarified and strengthened, and the employer is required to see that medical services are provided. In addition, the right to medical treatment is extended past the award stage to 'such period as the nature of the injury or the process of the recovery requires, including such medical services as may be required after a determination of permanent disability.' This would seem to remove the necessity, existing under the prior law, of filing an application for increased compensation on grounds of aggravation simply to obtain medical

services for a workman whose claim has been closed by a final award." 45 Or L Rev at 46-47.

■ In our view the italicized language of ORS 656.245(1) set out above indicates a legislative intent to compensate a claimant for the named medical expenses necessarily and reasonably incurred in the continued treatment of the injury for which he has already received a final award, without regard to aggravation problems arising under ORS 656.271.

■ Claimant here also seeks award for increased compensation for aggravation of the prior permanent partial disability. We agree with the conclusions of the Hearing Officer, Board and circuit court that the evidence does not support a claim for increased permanent partial disability, since it establishes that in each instance of claimed aggravation claimant was restored to his previous condition.

It follows that claimant is under ORS 656.245(1) entitled to compensation for such medical services as he was reasonably required to incur, following his award for permanent partial disability, resulting in whole or in part from his original compensable injury. This right is independent of the right in an aggravation case to "medical services based upon such aggravation." ORS 656.271(1). Since we hold the claimant has not established an aggravation of the original injury, it follows that he is not entitled to medical services incurred in the treatment or prosecution of such a claim under that section.

The judgment below is modified with instructions to remand the case to the Workmen's Compensation Board for it to determine the amount of medical services payable to or for the benefit of the claimant as authorized by ORS 656.245(1).

■ Claim is also made for an award of attorney fees to claimant. Our attention is directed to no provision in ORS 656.245 which authorizes an award of attorney fees for services in collecting medical expenses allowable thereunder. *See, Grossen v. Griffey & Laird Logging,* 7 Or App 600, 492 P2d 820 (1972), and ORS 656.301 (2). The request was correctly denied.

The judgment is affirmed as modified.