Submitted on record and briefs November 22,
reversed December 9, 1974

O'NEAL, *Respondent, v.* STATE ACCIDENT
INSURANCE FUND (No. 43414), *Appellant.*

528 P2d 1102

Lee Johnson, Attorney General, W. Michael Gillette, Solicitor General, and Jim G. Russell, Assistant Attorney General, Salem, for appellant.

J. David Kryger and Emmons, Kyle, Kropp & Kryger, Albany, for respondent.

Before Schwab, Chief Judge, and Langtry and Foley, Judges.

SCHWAB, C. J.

This is an appeal from a circuit court judgment ordering the State Accident Insurance Fund to reopen a workman's compensation claim for further medical care and treatment and temporary total disability benefits.

Claimant, being dissatisfied with the order of the hearing officer making a permanent partial disability award of 96 degrees, appealed to the Workmen's Compensation Board. The Board affirmed the hearing officer. Its order, which we hold was proper, states:

"* * * * *

"Claimant requests Board review of a Hearing Officer's order pursuant to which she received a permanent partial disability award equivalent to 96° (30%). The issue on review is whether claimant is entitled to a greater award of permanent partial disability.

"Claimant is a 29 year old nurse's aide who sustained a lumbosacral sprain on September 15, 1970 while lifting a patient. A Determination Order granted claimant an award of 10% unscheduled low back disability which the Hearing Officer increased to 30% unscheduled low back disability.

"This claimant has been seen by numerous doctors including orthopedists, internists, psychologists, a rheumatologist and an opthalmologist. Little objective evidence of any organic disease has been found. A tentative diagnosis of functional illness was made by Dr. Rosenbaum.

"The Hearing Officer concluded that claimant's symptoms, physical and/or psychogenic, together with her age, education and training, reflected claimant had a permanent loss of wage earning capacity of approximately 30%.

"The Board, on review, finds the Hearing Officer's award adequately compensates the claimant. The Board is also of the opinion that should claimant desire to enter Holladay Park Hospital for observation, psychotherapy and possible drug withdrawal,[①] this could be provided under the Oregon Workmen's Compensation Law.

"* * * * *."

Apparently the circuit court based its decision primarily on the psychiatric report, which in substance said that claimant's psychiatric impairment was mild and not disabling in itself. The psychiatrist recommended hospitalization basically for reassurance of claimant. If claimant desires the treatment suggested by the psychiatrist (the record indicates she does not), as the Board's order, supra, notes, it is available to her without a reopening of her claim. *See, Wait v. Montgomery Ward, Inc.*, 10 Or App 333, 499 P2d 1340, Sup Ct *review denied* (1972).

Claimant argues that if her condition is found to be stationary, a preponderance of the evidence demonstrates that the permanent partial disability award was inadequate and should be increased. On this issue, suffice it to say that on the record before us we characterize the award of 96 degrees as not only adequate, but generous.

Reversed.

---

① One of the numerous doctors who saw claimant prescribed the drug Chloroquin. The only doctor who testified at the hearing said it was a specific for malaria, had dangerous side effects, and should not be used by claimant.