Argued December 2, reversed and remanded December 31, 1974

## BOWSER, *Petitioner, v.* EVANS PRODUCT COMPANY, *Respondent.*

530 P2d 44

*Allan H. Coons,* Eugene, argued the cause for petitioner. With him on the brief were Coons, Malagon & Cole, Eugene.

*Richard W. Butler,* Eugene, argued the cause for respondent. With him on the brief were Thwing, Atherly & Butler, Eugene.

Before O'CONNELL, Chief Justice, and McALLISTER, HOLMAN, TONGUE, HOWELL, BRYSON and SLOPER, Justices.

TONGUE, J.

This is a workmen's compensation case. Claimant contends (1) that he is entitled to reopen his claim on the basis of aggravation of a 1966 injury, for which he received a previous award for temporary total disability, and (2) that regardless of whether he may reopen for aggravation, he is entitled to medical services for conditions resulting from his previous injury.

The Court of Appeals denied both claims. 17 Or App 542, 522 P2d 1405 (1974). That court held not only that claimant had not proved a claim for aggravation, but also that he was not entitled to be provided with further medical services under the terms of ORS 656.245 (1), because he had not received a rating of permanent disability from his previous accident.

We granted claimant's petition for review because of our concern whether ORS 656.245 (1) precludes a claimant from receiving further medical benefits once a determination has been made that he does not have a permanent disability.

ORS 656.245 (1) provides as follows:

"For every compensable injury, the direct responsibility employer or the State Accident Insurance Fund shall cause to be provided medical services for conditions resulting from the injury for such period as the nature of the injury or the process of the recovery requires, including such medical services as may be required after a determination of permanent disability. * * *"

In support of its decision the Court of Appeals cited its previous decision in *Wait v. Montgomery Ward, Inc.*, 10 Or App 333, 499 P2d 1340, S Ct *rev denied* (1972), also an aggravation case, in which that

court allowed a claim for medical services incurred following an award for permanent partial disability. In this case, the Court of Appeals held that because this claimant had no permanent partial disability from his 1966 injury it was "precluded" under the statute (ORS 656.245 (1)) and its interpretation of *Wait* from making any award of medical services to this claimant.

We do not so read that statute. ORS 656.245 (1) provides that "for every compensable injury" medical services shall be provided "for conditions resulting from the injury for such period as the nature of the injury or the process of the recovery requires * * *."

The provision which immediately follows—*"including* such medical services as may be required after a determination of permanent disability"—does not, by its terms, *exclude* the right of a claimant to medical services "for every compensable injury." Instead, that provision serves to make it clear that a "determination of permanent disability" does not terminate the right of an injured workman to receive medical services for "every compensable injury" for "such period as the nature of the injury or the process of the recovery requires."

After reviewing the record in this case on the issue of aggravation of injury, however, we agree with the holding by the Court of Appeals that the claimant failed to support his claim for an award for aggravation of his 1966 injury by a physician's report providing "reasonable grounds for the claim," as required by ORS 656.271 (1). The fact that claimant did not suffer an aggravation of his previous injury, however, does not mean that he is not entitled to medical services under ORS 656.245(1).

By the terms of ORS 656.245 (1) a claimant is entitled to medical services "for conditions resulting from the injury for such period as the nature of the injury or the process of the recovery requires." This does not mean, however, that claimant whose case has been previously closed by an award for temporary disability, as in this case, must prove that there has been an aggravation of the "compensable injury" to be entitled to medical services benefits.

See 2 Larson, The Law of Workmen's Compensation §§ 61.11, 61.16 (1974).

For these reasons the decision by the Court of Appeals is reversed and this case is remanded for further proceedings in accordance with this opinion.

Reversed and remanded.