Argued January 17, reversed February 18, 1975

ROSENSTIEL, *Respondent, v.* STATE ACCIDENT
INSURANCE FUND (No. 404-334), *Appellant.*

532 P2d 33

*Janet A. Metcalf,* Assistant Attorney General, Sa-
lem, argued the cause for appellant. With her on the
brief were Lee Johnson, Attorney General, and W.
Michael Gillette, Solicitor General, Salem.

*Dan O'Leary,* Portland, argued the cause for respondent. With him on the brief were Pozzi, Wilson & Atchison, Portland.

Before Schwab, Chief Judge, and Foley and Fort, Judges.

FOLEY, J.

Claimant injured his left arm on May 9, 1968, while lifting a barrel during the course of his employment with the Coe Manufacturing Company. The claim was accepted by the State Accident Insurance Fund (Fund) and remained open until closed by a determination order dated October 3, 1973. The determination order granted permanent partial disability of 192 degrees or 100 percent loss of the left arm, and awarded temporary total disability from May 9, 1968 to May 15, 1973, and temporary partial disability from May 15, 1973 to September 13, 1973. Claimant on October 10, 1973 applied for, and on October 19 received, a lump sum payment of his disability award which waived his right to a hearing on the determination order.[1]

On December 5, 1973, claimant's attorney wrote to the Workmen's Compensation Board requesting a reopening of the claim for further medical treatment and further temporary disability. The request for a reopening of the claim asked that a hearing be sched-

---

[1] "A claimant may accept and cash any check given in payment of any award or compensation without affecting his right to a hearing, except that the right of hearing on any award shall be waived by acceptance of a lump sum award by a claimant where such lump sum award was granted on his own application under ORS 656.230 [statute authorizing lump sum payments]. * * *" ORS 656.304.

uled in the event the request was denied by the Fund. A hearing was held on December 26, 1973, and on January 8, 1974, an opinion and order was issued allowing claimant's request for reopening as an aggravation claim for medical treatment and the payment of temporary disability.

The Fund appealed and the referee's decision was reversed by the Workmen's Compensation Board, on the basis that the claimant's request for reopening, which essentially was a claim for aggravation, was accompanied by a doctor's report which was insufficient to support an aggravation claim. The circuit court reinstated the referee's decision and ordered the Fund to reopen the claim and the Fund appeals.

The primary issue before us is whether claimant's aggravation claim fulfilled the requirements of ORS 656.273(4).[2] When claimant's attorney wrote the Workmen's Compensation Board requesting reopening of the claim for the provision of further hospitalization and treatment and further temporary total disability, the request was accompanied by a letter from Dr. Henry H. Dixon, Jr., a psychiatrist. The letter reads as follows:

"I saw * * * [Albert Rosenstiel] on November 8, 1973 for psychiatric evaluation.

"During my initial evaluation it was very apparent

---

[2] ORS 656.273(4) reads, in part:

"The claim for aggravation must be supported by a written opinion from a physician that there are reasonable grounds for the claim. * * *"

Claimant and the Fund disagree as to whether the procedural requirements of former ORS 656.271, or its replacement section, ORS 656.273, apply to this case. We need not reach that issue because the above-quoted provision of ORS 656.273(4) was contained in identical language in ORS 656.271(1) and is dispositive in this case.

that Mr. Rosenstiel was significantly depressed. Most notable were fragmentary associative patterns; memory appeared spotty; preoccupation with the functioning of his mind which he felt was deteriorating. He presented a dazed appearance and expressed with gravity his concern over his need for narcotic medications.

"The initial interview suggested that his disturbed functioning of the left arm most probably had significance in terms of Conversion Reaction pathology.

"I felt that hospitalization and further intensive diagnosis and treatment were in order for Mr. Rosenstiel. * * *

"It is my opinion that this individual is in definite need of the requested hospitalization for studies and treatment at this time.

"DIAGNOSIS: Depressive reaction, severe; Conversion Reaction (left arm), undetermined degree."

Claimant contends that this letter fulfills the requirements of ORS 656.273(4).

During the five-year period when the claim was open numerous physicians treated claimant's left arm disability. Several operations were performed on the left arm. In addition to surgery and other physical therapy, claimant was treated by a psychologist and a psychiatrist. The record indicates that claimant had developed severe psychological problems resulting from his arm injury. The record also reveals that the doctors treating claimant during the period prior to the closing of the claim were aware of claimant's depressive reaction and conversion reaction, both of which were included in the diagnosis by Dr. Dixon.

In this context, Dr. Dixon's letter does not provide any facts from which it can be inferred that there has been an aggravation of claimant's disability.

Rather, the letter recites aspects of claimant's condition which were fully known at the time of the closing of the claim. At best, the letter indicates that *claimant* felt that the functioning of his mind was deteriorating.

The letter from Dr. Dixon did not fulfill the requirement that a claim for aggravation "must be supported by a written opinion from a physician that there are reasonable grounds for the claim," as provided in former ORS 656.271(1) and its replacement section, ORS 656.273(4). The letter should indicate a *worsening* or an *aggravation* of the original injury in the opinion of the physician, or it should at least indicate that the physician believes claimant's complaint of aggravation is credible. *See, e.g., Dinnocenzo v. SAIF*, 18 Or App 63, 523 P2d 1280 (1974); *Bowser v. Evans Products Co.*, 17 Or App 542, 522 P2d 1405, *reversed on other grounds*, 270 Or 841, 530 P2d 44 (1974); *McKinney v. G. L. Pine, Inc.*, 16 Or App 619, 519 P2d 1265 (1974); *Collins v. States Veneer, Inc.*, 14 Or App 114, 512 P2d 1006 (1973); *McDowell v. SAIF*, 13 Or App 389, 510 P2d 587 (1973); and *Hamilton v. SAIF*, 11 Or App 344, 501 P2d 1007 (1972), Sup Ct *review denied* (1973).

We agree with the determination by the Workmen's Compensation Board that the letter by Dr. Dixon did not support a claim for aggravation. The order of the circuit court reinstating the decision of the hearing referee is reversed.[3]

Reversed.

---

[3] We do not here decide the application of ORS 656.245 (relating to payment of medical bills) to claimant's situation. *See* Wait v. Montgomery Ward, Inc., 10 Or App 333, 499 P2d 1340, Sup Ct *review denied* (1972). *See also* Bowser v. Evans Products Co., 270 Or 841, 530 P2d 44 (1974).