Argued November 29, reversed and remanded December 26, 1978

STRITT, *Respondent,*
*v.*
STATE ACCIDENT INSURANCE FUND, *Petitioner.*
(WCB No. 77-3622, CA 11884)

588 P2d 136

Lawrence J. Hall, Associate Counsel, State Accident Insurance Fund, Salem, argued the cause for petitioner. With him on the brief were K. R. Maloney, Chief Counsel, and James A. Blevins, Chief Trial Counsel, State Accident Insurance Fund, Salem.

David F. P. Guyett, Bend, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Johnson, Gillette and Roberts, Judges.

GILLETTE, J.

[ 893 ]

**GILLETTE, J.**

The State Accident Insurance Fund appeals from the order of the Workers' Compensation Board affirming the Opinion and Order of the referee holding that claimant's moving expenses incurred pursuant to a doctor's recommendation were compensable.

The record discloses that claimant, a chip-truck driver in the Coos Bay, Oregon area, suffered from a compensable work-related allergic dermatitis caused by wood products. One of the documents indicates that claimant's physician, Dr. Maeyens, "did in fact recommend to Mr. Stritt that he relocate to a more suitable environment." An allergist recommended that claimant avoid any contact with Douglas fir. Claimant subsequently moved from Coos Bay, Oregon to Redmond, Oregon.

Our review of the record indicates that there is a question as to precisely what Dr. Maeyens advised claimant to do. In view of the stipulations of the parties, however, we must infer that Dr. Maeyens specifically recommended that claimant move to Redmond, Oregon, as part of the medical treatment for his allergic condition. There is no evidence indicating that such advice was unreasonable.

The issue is whether claimant who, having a compensable industrial injury, changed his residence from Coos Bay to Redmond to treat his resulting condition on the advice of his physician, must be reimbursed by SAIF for his moving expenses. The case is governed by ORS 656.245(1), which provides:

> "For every compensable injury, the direct responsibility employer or the State Accident Insurance Fund shall cause to be provided medical services for conditions resulting from the injury for such period as the nature of the injury or the process of the recovery requires, including such medical services as may be required after a determination of permanent disability. Such medical services shall include medical, surgical, hospital, nursing, ambulances *and other related services,* and drugs,

[ 895 ]

medicine, crutches, prosthetic appliances, braces and supports and where necessary, physical restorative services." (emphasis added)

This is a matter of first impression for this Court. We are mindful of the axiom that workers' compensation laws are to be liberally construed to provide coverage for injured workers. *See, e.g., Kinney v. S.I.A.C.,* 245 Or 543, 423 P2d 186 (1967); *Holden v. Willamette Industries,* 28 Or App 613, 560 P2d 298 (1977).

The language of ORS 656.245(1) does not expressly provide that the expenses here are compensable. Therefore, we must ascertain whether the expenses are "other related services" under the facts of this case. The Board has previously ruled in a similar situation that moving expenses are within the scope of that phrase and thus are compensable. In *In the Matter of the Compensation of Raymond E. Bartusek,* WCB Case No. 71-2057, 9 Van Natta 62 (1972), the claimant suffered from compensable back, cardiac, and pulmonary ailments. On his physician's advice that he move to a warmer climate for treatment and control of these conditions, the claimant moved from Portland, Oregon to Kingman, Arizona. The referee held that SAIF was responsible for the moving expenses, and the Board affirmed without opinion. That case was not appealed to this court.

In the *Bartusek* case, the referee quoted the following passage from 2 Larson, Workmen's Compensation Law § 61.13 at 10-465 to 10-466 (1976):

> "Transportation costs necessarily incurred in connection with medical treatment are compensable, even if the act speaks only of medical and hospital services. This is clear enough when, for example, the claimant has to make an out-of-town trip for examination by a specialist. But the same principle applies when the claimant incurs travel expenses in order to go to a region where the climate will aid in curing his ailment or relieving its symptoms."

In support of his analysis Larson cites *In re Levenson's Case,* 346 Mass 508, 194 NE2d 103 (1963) and

*Clark v. Fedders-Quigan Corp.,* 284 App Div 430, 131 NYS2d 575 (1954). In each of those cases, the claimant was advised by his doctor to travel to Florida because the climate there could help alleviate the symptoms of his compensable industrial injury. In each instance the court, interpreting statutory language similar to that in ORS 656.245(1), held that the claimant must be compensated for his transportation expenses.

The principle applied in the above-cited cases, which involved transportation expenses rather than moving expenses, may be broad enough to apply to the facts of the present case. We decline, however, to so interpret ORS 656.245(1). There is another interpretation which we think is equally consonant with the language of the statute and more consonant with good sense: an employe will be entitled to such travel expenses as may be required to undergo a temporary, medically prescribed course of treatment. Such treatment will normally, but not necessarily, be given at a hospital, clinic, or other place of business maintained for the care or rehabilitation of the ill or injured. On the other hand, moving expenses for someone who is leaving an area to live permanently elsewere, even when the moving is occasioned in whole or in part by a compensable injury, will not be compensable.

Reversed and remanded.