Argued and submitted March 25, affirmed in part; reversed
in part and remanded October 12, reconsideration denied November 19,
petition for review denied December 22, 1981 (292 Or 334)

In the Matter of the Compensation
of Charles R. Smith, Claimant.

SMITH,
*Petitioner,*

*v.*

CHASE BAG COMPANY,
*Respondent.*

(WCB No. 79-3919, CA 19581)

634 P2d 809

Kenneth D. Peterson, Jr., Eugene, argued the cause for petitioner. On the brief were Steven C. Yates and Malagon, Velure & Yates, Eugene.

Noreen K. Saltveit, Portland, argued the cause for respondent. With her on the brief was Merten & Saltveit, Portland.

Before Buttler, Presiding Judge, and Warden and Warren, Judges.

WARDEN, J.

## WARDEN, J.

Claimant appeals an Order of the Workers' Compensation Board which denied him payments for travel expenses and for the purchase of a chair.

Claimant suffered a compensable injury to his low back on October 14, 1977. At that time he lived in southeast Portland. In November, 1977, he commenced treatment for his injury with Dr. Butt at the doctor's chiropractic and naturopathic offices in Molalla. In March, 1978, on the promise of employment, claimant moved to Veneta. He continued treatment with Dr. Butt, making frequent round-trip visits of 240 miles between Veneta and Molalla. The doctor determined that claimant was medically stationary in April, 1978, but he was of the opinion that claimant would need continuing palliative care as a result of his injury. The claim was closed in May, 1978, with an award of 5 percent unscheduled disability. Claimant continued going to Dr. Butt for palliative care, making as many as three trips per month between Veneta and Molalla for this purpose. On April 27, 1979, payment to claimant of further travel expenses between Veneta and Molalla was denied on the ground that it was unreasonable to pay such expenses for palliative care.

In August, 1979, Dr. Butt recommended that the claimant acquire a "Cyclo-massage" chair for his ongoing palliative care. On December 28, 1979, a request for funds to purchase the chair was denied. Claimant filed requests for hearing on the denial of payments for the travel expenses and for the purchase of the chair. After hearing, the referee approved the denial of travel expenses after April 27, 1979, and overruled the denial of the purchase of the chair.

At the hearing, the medical director of the Workers' Compensation Department testified:

"My opinion that that much travel [is unreasonable] — about that much travel — would apply whether it was a chiropractor or an M.D. * * * If he was coming back to a M.D. for physio-therapy that distance, I would consider it unreasonable. * * * If he had a bad back and was coming up here for regular physio-therapy, I would consider that unreasonable."

The factors that the medical director used to form this conclusion were: (1) the type of treatment, (2) the nature of the complaints, (3) the level of the symptoms, and (4) the particular problem. The claimant was also seen by another physician, Dr. Pasquesi, who stated that the chiropractic care was palliative rather than curative and that the chair which was recommended was not necessary for either palliative or curative treatment. The referee stated:

" * * * I find the additional expense for travel is unreasonable in this particular case. The need of the doctor-patient relationship has terminated or, at least, has diminished. Dr. Butt had determined that claimant was medically stationary in April 1978, and remarked at that time that claimant would need periodic palliative care in the future * * * . There was no further need of curative treatment and the anticipated physiotherapy does not require the confidential and trusting doctor-patient relationship.

As to the chair, the referee found:

"[Dr. Butt's] determination that the chair would be beneficial in relieving claimant's discomfort and maintaining him as a productive-employed person, is given significantly more weight than the opinion of Dr. Pasquesi who evaluated claimant, but did not treat or prescribe for him.
" * * * * *

"I do not find the purchase of the Cyclo-massage chair is unreasonable and it is within the contemplated medical services under ORS 656.245."

On review, the Board modified the referee's order, reversing the authorization for purchase of the chair and affirming the denial of travel expenses. The Board reasoned:

"We do not find any medical evidence that the cyclo massage chair was prescribed as a form of medical treatment for the claimant. We do not find that under the facts of this case, that such a chair could be classified as 'medical services' within the meaning of ORS 656.245."

█ Payment of medical expenses, whether palliative or curative, are made pursuant to ORS 656.245.[1] *Wait v.*

---

[1] ORS 656.245 provides:

"(1) For every compensable injury, the direct responsibility employer or the State Accident Insurance Fund Corporation shall cause to be provided

*Montgomery Ward, Inc.,* 10 Or App 333, 499 P2d 1340 (1972). Transportation costs necessarily incurred to seek medical services are also compensable pursuant to ORS 656.245. OAR 436-54-270;[2] *see also, Stritt v. SAIF,* 37 Or App 893, 588 P2d 136 (1978); *Francoeur v. SAIF,* 17 Or App 37, 520 P2d 477 (1974).

Claimant contends on appeal that his right to choose a treating physician prohibits the Board from disallowing travel expenses in this case. We agree. Claimant is seeking payment for travel expenses to obtain "medical services for conditions resulting from his injury." ORS 656.245(1). He is free to choose his own physician within the State of Oregon, pursuant to ORS 656.245(2). He began

---

medical services for conditions resulting from the injury for such period as the nature of the injury or the process of the recovery requires, including such medical services as may be required after a determination of permanent disability. Such medical services shall include medical, surgical, hospital, nursing, ambulances and other related services, and drugs, medicine, crutches and prosthetic appliances, braces and supports and where necessary, physical restorative services.

"(2) The worker may choose his own attending doctor or physician within the State of Oregon. The worker may choose the initial attending physician and may subsequently change attending physician four times without approval from the director. If the worker thereafter selects another attending physician the insurer or self-insured employer may require the director's approval of the selection and, if requested, the director shall determine with the advice of one or more physicians, whether the selection by the worker shall be approved."

[2] OAR 436-54-270 provides:

"(1) The worker shall be notified at the time of claim acceptance that travel, prescriptions and other compensable injury related services paid by the worker will be reimbursed by the insurer or self-insured employer upon request.

"(2) For the purpose of this section:

"(a) The actual reasonable cost to a worker of related services resulting from a compensable injury shall be reimbursed within 30 days of the date of receipt by the insurer or self-insured employer of a written request. The request shall be accompanied by sales slips, receipts or other evidence necessary to support the request.

"(b) Meals, lodging, public transportation or use of a private vehicle required to seek medical services or collect compensation benefits when reimbursed at the then applicable rate of reimbursement to State of Oregon classified employees shall be deemed in compliance with this section. Reimbursement in excess of these rates will be allowed in those cases where special transportation or lodging is necessary and required.

"(3) Requests for reimbursement of services not claim-related shall be returned to the injured worker within 30 days."

his treatment with Dr. Butt while he resided near the doctor's Molalla office. He is receiving care to which he is entitled for conditions resulting from his injury. ORS 656.245(1); *Bowser v. Evans Product Company,* 270 Or 841, 530 P2d 44 (1974). That the treatment is palliative rather than curative makes no difference. *Wait v. Montgomery Ward, supra.* Claimant is entitled to reimbursement for reasonable travel expenses for trips made to visit his treating doctor. OAR 436-54-270; *Francoeur v. SAIF, supra.*

■        As to claimant's contention concerning the acquisition of the chair, OAR 436-69-335 provides that "chairs * * * are not reimbursable unless a need is clearly justified by report, which establishes that 'the nature of the injury or the process of recovery requires' that the item be furnished." The record contains no such report. The Cyclomassage chair is not a "medical service" included within the meaning of ORS 656.245.

Affirmed in part; reversed in part and remanded.