Argued and submitted September 23, 1983,
affirmed in part; reversed in part and remanded with instructions
February 8, 1982

In the Matter of the Compensation of
June Pyle, Claimant.

PYLE,
*Petitioner,*

*v.*

STATE ACCIDENT INSURANCE FUND
CORPORATION,
*Respondent.*

(WCB Case No. 79-07762, CA A21166)

640 P2d 680

Robert H. Grant, and Grant, Ferguson & Carter, Medford, filed the brief for petitioner.

Darrell E. Bewley, Appellate Counsel, State Accident Insurance Fund Corporation, Salem, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Warden and Warren, Judges.

WARDEN, J.

## WARDEN, J.

In this workers' compensation case, claimant appeals the order of the Workers' Compensation Board which found that claimant was not entitled to certain medical expenses and travel expenses awarded by the referee.

Claimant sustained a compensable injury to her left hand on November 9, 1970. Since the time of injury, there has been a long course of treatment, including 14 surgical procedures. SAIF continued to provide medical services to the claimant pursuant to ORS 656.245(1)[1] and the Board's own motion order[2] until June, 1979, when SAIF rejected claimant's request for reimbursement of travel expenses from her new home in Yakima, Washington, to her doctors' offices in Medford and Ashland. In January, 1980, claimant's request for payment of bills relating to treatment of an esophogeal condition and to the use of a drug, Prednisone, were also denied. After a hearing, the referee found the claims to be compensable. On May 5, 1980, the Board reversed the order in its entirety.

■ On *de novo* review, we find that the evidence supports the Board's conclusions that the esophogeal condition is unrelated to the industrial injury and that the drug, Prednisone, was prescribed to treat a pre-existing condition. Neither expense is, therefore, compensable.

■ As for travel expenses, in the recently decided case of *Smith v. Chase Bag Company,* 54 Or App 261, 634 P2d 809, *rev den* 292 Or 334 (1981), this court allowed reimbursement for travel expenses from claimant's new home

---

[1] ORS 656.245(1) provides:

"For every compensable injury, the direct responsibility employer or the State Accident Insurance Fund Corporation shall cause to be provided medical services for conditions resulting from the injury for such period as the nature of the injury or the process of the recovery requires, including such medical services as may be required after a determination of permanent disability. Such medical services shall include medical, surgical, hospital, nursing, ambulances and other related services, and drugs, medicine, crutches and prosthetic appliances, braces and supports and where necessary, physical restorative services."

[2] Claimant's claim was originally closed in 1974, but was reopened by the Board's own motion in 1977. The claim was again closed by the Board's own motion determination order on May 18, 1979.

in Veneta to his treating doctor in Molalla. We stated in that case:

> " * * * Claimant is seeking payment for travel expenses to obtain 'medical services for conditions resulting from his injury.' ORS 656.245(1). He is free to choose his own physician within the State of Oregon, pursuant to ORS 656.245(2). He began his treatment with Dr. Butt while he resided near the doctor's Molalla office. He is receiving care to which he is entitled for conditions resulting from his injury. ORS 656.245(1); *Bowser v. Evans Product Company*, 270 Or 841, 530 P2d 44 (1974). * * * Claimant is entitled to reimbursement for reasonable travel expenses for trips made to visit his treating doctor. OAR 436-54-270; *Francoeur v. SAIF*, [17 Or App 37, 520 P2d 477 (1974)]." 54 Or App at 265-266.

The facts of this case are similar. Claimant began treatment with her psychiatrist and two other physicians in the Medford area. She subsequently moved to Yakima to care for her mother. Dr. McCook, claimant's psychiatrist, testified:

> "I strongly recommend that she continue. I would hope that she continues in treatment with me. I believe it's important that she sustain that rapport with her physician. Perhaps most importantly with her psychiatrist. Her illness and the type of response that she has to her stress, I would prescribe *[sic]* as an agitative depression. * * * I have found that her illness and her typical reaction to that make it even more difficult in establishing relationships. * * * I certainly believe that it would be in her best interests [to continue her relationship with her treating physicians in the Medford area]."

We find that claimant has met her burden to prove that the visits to her physicians are necessary to the treatment of her condition. SAIF contends, however, that claimant must also prove that the medical services she receives in Medford are unique and cannot be obtained closer to her home. There is no such requirement in the statutes or under the holding in *Smith*. The legislative grant to workers of the right to choose their own physicians within the state of Oregon, ORS 656.245(2), precludes us from denying a claim for travel expenses *within the state's borders*.

We therefore remand to the Board with instructions to modify its order to allow claimant travel expenses

from the Oregon-Washington border to her treating physicians in the Medford area. Affirmed in part; reversed in part and remanded.