In the Matter of the Compensation of
Kenneth L. Holston, Claimant.

STATE ACCIDENT INSURANCE FUND
CORPORATION,
*Petitioner,*
*v.*
HOLSTON,
*Respondent.*

(81-0401; CA A25447)

663 P2d 795

Donna M. Parton, Associate Appellate Counsel, Salem, argued the cause for petitioner. With her on the brief was Darrell E. Bewley, Appellate Counsel, State Accident Insurance Fund Corporation, Salem.

Christopher D. Moore, Eugene, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

SAIF appeals from a Workers' Compensation Board order that awarded claimant reimbursement for travel expenses from his home in Springfield to Medford for treatment of a compensable injury. It contends that the Board erred in setting aside SAIF's denial of the travel claim. We affirm.

Claimant sustained a compensable injury in 1979. During the course of his claim, he was seen by Dr. Bryson, a chiropractor, Drs. Stainsby and Zivin, neurologists, Drs. Robinson, Marxer, Degge and Nagel, orthopedic surgeons, Dr. Myers, a neurosurgeon, and Drs. Hoffmeister and Litchman, whose specialties are not indicated. During diagnosis and treatment, he underwent extensive neurological testing, including E.M.G. testings and a lumbar myelogram. He also had an extensive laboratory work-up. Based on the recommendation of Dr. Nagel, claimant's then treating physician, and on the opinion of Dr. Degge, with which Dr. Nagel agreed, the claim was closed in June, 1981, by a determination order that found claimant's condition was medically stationary on April 13, 1981.

Thereafter, on the advice of his attorney, claimant sought another opinion from Dr. Campagna, a neurosurgeon practicing in Medford, 160 miles from Springfield. SAIF denied reimbursement for expenses for claimant's travel to see Dr. Campagna on the ground that those expenses were not reasonable or necessary.

At the hearing, the parties stipulated that Dr. Campagna was claimant's "treating physician." The referee found that:

> "Although claimant has chosen Dr. Campagna as his most recent attending physician, the recommendation, or referral, was made by his attorney, Mr. Steven C. Yates (Ex. 70). The parties have stipulated that Dr. Campagna is an attending physician, although the physician's first report dated July 30, 1981 does not so indicate, using the language: 'The patient has been continuing with therapy with Dr. Nagel and also has had a bone scan. Attorney Steven Yates referred the patient here *for another opinion.'* (emphasis added) (Ex. 70).

> "As is indicated by the dates in question, Dr. Campagna first saw the claimant on July 30, 1981, just one month and three days prior to the hearing. A subsequent report from Dr.

Campagna indicates the claimant was to be hospitalized in Medford on August 10, 1981 for additional diagnostic testing (Ex. 71)."

In affirming SAIF's denial of travel expenses, the referee explained:

"* * * Claimant has seen numerous doctors in his home area of Eugene-Springfield, as indicated earlier in this opinion. He was treated by or examined by no less than four neurosurgeons, four orthopedic surgeons, two physicians whose specialties are not indicated, and one chiropractic physician. His case was closed by Determination Order, inasmuch as his then treating physician had declared him medically stationary. On the recommendation of his attorney, the claimant then chose still another neurosurgeon, practicing in Medford, a distance of 160 miles from Eugene.

"I make this finding because I feel there is a distinction between claimant's right to choose any doctor within the state, and whether such action is reasonable and necessary, so as to subject the carrier to payment of the expenses. Claimant's right to choose does not necessarily indicate an automatic duty of travel expense payment. Eugene is a metropolitan area with a population well in excess of 100,000. The Referee takes official notice that there are at least six neurosurgeons listed in the telephone book. It is unreasonable to assume that claimant was required to go to Medford to find a treating doctor. The statute gives him this right, but having the right does not make it a reasonable action."[1]

On review, the Board noted that, subsequent to the referee's decision, we decided *Pyle v. SAIF*, 55 Or App 965, 640 P2d 680 (1982), and *Smith v. Chase Bag Company*, 54 Or App 261, 634 P2d 809, *rev den* 292 Or 334 (1981). The Board then interpreted *Pyle*

"* * * to adopt the rule that there is no reasonableness limitation on a claim for travel expenses despite the reasonableness limitation now stated on [sic] OAR 436-54-245(4). We, however, feel bound to follow our understanding of *Pyle* rather than the Department's administrative rule. * * * It matters not whether we agree with the analysis or conclusion of the Court of Appeals in *Pyle;* we are bound by that decision."

---

[1] In a supplemental opinion and order, the referee concluded that *Smith v. Chase Bag Company,* 54 Or App 261, 634 P2d 809, *rev den* 292 Or 334 (1981), did not mandate a different result. Accordingly, he "republished" his earlier opinion and order.

Accordingly, the Board reversed the referee and remanded the claim to SAIF for payment.

In this court, SAIF has apparently abandoned its first contention that its denial was proper because claimant could have obtained comparable treatment in the Eugene/Springfield area and that, therefore, it was unreasonable or unnecessary for him to travel to Medford.[2] SAIF now only contends that its denial was proper, because the *treatment* claimant received in Medford was unnecessary. It argues that, assuming claimant had the right under ORS 656.245(2) to choose Dr. Campagna as a treating physician, claimant did not establish that the *treatment* he received was necessarily required by the nature of his injury or for the process of recovery and that, because the record shows that that treatment was not necessary, travel expenses incurred in obtaining it are not reimbursable.

Claimant has moved to strike SAIF's brief and to dismiss this appeal on the ground that SAIF's brief diverges sharply from the issue litigated and SAIF's argument below. He contends that (1) the only issue briefed and argued below by SAIF was whether claimant could travel to Medford for

---

[2] *Pyle v. SAIF,* 55 Or App 965, 640 P2d 680 (1982), and *Smith v. Chase Bag Company, supra,* did not specifically address the question whether, under the circumstances, it was reasonable or necessary for claimant to travel for treatment. In those cases the claimants had begun treatment in the community where they then lived, then moved some distance away but continued treatment with the same doctor. We held that those claimants were entitled to reimbursement for travel expenses incurred to continue treatment with the same doctor. We did *not* decide whether OAR 436-54-245(4) is valid. That rule provides:

"The worker may choose an attending physician within the state of Oregon. Reimbursement to the worker of transportation costs to visit the attending physician, however, may be limited to within a city, or metropolitan area, or the distance to the nearest city or metropolitan area, from where the worker resides and where a physician providing like services is available. A worker who relocates within the state of Oregon may continue treating with the attending physician and be reimbursed transportation costs accordingly. If an insurer or self-insured employer chooses to limit reimbursement to the nearest available city, or metropolitan area, a written explanation shall be provided the worker along with a list of physicians who provide the like services within an acceptable distance of the worker. The worker shall be made aware of the fact treatment may continue with any attending physician within the state of Oregon of the worker's choice, but the reimbursement of transportation costs will be limited as described."

In other than the relocated worker situation, the rule makes reimbursement for travel expense subject to a test of reasonableness.

treatment by Dr. Campagna when comparable medical services were available in the Eugene/Springfield area, and (2) that that was the only basis on which the referee and the Board made their decisions. SAIF has not responded to those contentions.

We conclude that claimant's point is well taken. At the hearing, SAIF did not argue the reasonableness or necessity of the *treatment* in Medford. Rather, it argued only that reimbursement was not available because comparable treatment was available in the Eugene/Springfield area. The referee's opinion and order were made on that basis only; *i.e.,* he denied travel expenses because comparable treatment was available in the Eugene/Springfield area.[3] Claimant requested review. Not surprisingly, SAIF did not cross-petition. However, SAIF did mention in its brief before the Board, as a secondary argument, that claimant had not demonstrated that his *treatment* in Medford was necessary or reasonable and that the *treatment* was pursued merely to obtain an opinion for litigation. Claimant correctly observes that SAIF raised this issue for the first time at the Board level and that the Board did not address it in its opinion and order. The Board stated:

> "In addition, at the hearing the parties stipulated that Dr. Campagna was claimant's treating physician. It is unclear whether the parties were using this term in the same sense as it is defined in the Department's rules, which provide that a claimant may have only one treating physician at a time, OAR 436-69-401(2), because there is some indication in the record that claimant continued treatment with Dr. Nagel in Eugene even after he began 'treatment' with Dr. Campagna in Medford. But we decline to look behind the parties' stipulation."

SAIF's contention that the *treatment* was unnecessary, while arguably true, is not supported by evidence in the record.

Affirmed.

---

[3] Several other issues had been raised by claimant in his request for a hearing; however, they were resolved prior to the hearing by stipulation of the parties.