Argued and submitted March 28, affirmed in part,
reversed in part and remanded May 25, 1983

In the Matter of the Compensation of
Clifford Matheny, Claimant.
MATHENY,
*Petitioner,*
*v.*
STATE ACCIDENT INSURANCE FUND
CORPORATION,
*Respondent.*

(81-01410; A25995)

663 P2d 789

Mike Stebbins, North Bend, argued the cause for petitioner. With him on the brief was Hayner, Waring, Stebbins & Coffey, North Bend.

Donna M. Parton, Associate Appellate Counsel, State Accident Insurance Fund Corporation, Salem, argued the cause for respondent. With her on the brief was Darrell E. Bewley, Appellate Counsel, State Accident Insurance Fund Corporation, Salem.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

NEWMAN, J.

## NEWMAN, J.

The issue is the extent of disability. Claimant, age 61 at the time of the hearing, suffered a compensable injury to his lower back in July, 1976, by falling from his truck while on the job. He had suffered various injuries to his back and neck before that time. Subsequent back surgery revealed that claimant suffers from degenerative disc disease. A determination order in July, 1978, found claimant medically stationary as of November 3, 1977, and awarded him 25 percent unscheduled disability resulting from injury to his upper and lower back. The claim was reopened in November, 1979, on a stipulation that any temporary compensation awarded until the claim was again closed would be offset against his permanent award if he was not placed in an authorized vocational rehabilitation program, unless it was determined that he was not medically stationary during the interim period. He did not enter an approved vocational rehabilitation program.

The referee found that claimant had remained medically stationary throughout the reopened claim, that the treatment of Dr. Davis, a psychiatrist, was not compensable and affirmed the determination order of 25 percent permanent partial disability. The Board affirmed. Claimant appeals the amount of the award, claiming that he is permanently and totally disabled, that he did not become medically stationary until June 17, 1981, and that the treatment he received from Dr. Davis was compensable. We affirm in part and reverse in part.

The referee found claimant unreliable as a witness because of multiple inconsistencies and inaccuracies in his presentations to the doctors who treated him about the circumstances of the injury and his prior physical condition. On review of the record, we agree with the referee's findings, affirmed by the Board, that (1) the claimant is not permanently and totally disabled, (2) there is no reliable evidence in the record that the 1976 injury produced permanent partial disability in excess of that awarded in the determination order and (3) the claimant was medically stationary following the stipulated reopening on November 20, 1979.

We agree with claimant, however, that the referee erred in finding that the psychiatric treatment received from

Dr. Davis was not compensable. Dr. Davis had been submitting bills for the treatment since February 26, 1980. The purpose of the treatment was to help claimant to accept his physical problems, which included not only his left leg, neck and left arm, but also his lower back. There is no question but that his lower back condition is the result, at least in part, of the 1976 industrial injury. SAIF does not contest the award of 25 percent unscheduled disability resulting from "injury to his upper and lower back." The fact that the treatment was palliative and not curative does not effect its compensability. *Smith v. Chase Bag Company,* 54 Or App 261, 634 P2d 809, *rev den* 292 Or 334 (1981). Claimant sustained his burden of proving a causal connection between the 1976 injury and the psychiatric treatment.

■　　SAIF did not deny payment of Dr. Davis's bills until the time of the hearing. Because we conclude that SAIF unreasonably denied claimant's claim for medical services, it is also liable for penalties and attorney fees pursuant to ORS 656.262(9).

Affirmed in part; reversed in part; and remanded for an order that SAIF pay for medical services rendered by Dr. Davis and for assessment of penalty and reasonable attorney fees.